Van Buren Sharpe, Petitioner *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Respondent.

Lawrence Smith, Petitioner *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Respondent.

Gary L. Bicer, Petitioner *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Respondent.

David Shondelmyer, Petitioner *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Respondent.

Argued December 8, 1976, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Mark B. Segal,* with him *Paul A. Prince, Prince & Prince,* for petitioners.

*Sydney Reuben,* Assistant Attorney General, with him *Daniel R. Schuckers,* Assistant Attorney General,

*Sandra S. Christianson,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE BOWMAN, January 20, 1977:

In these five consolidated appeals by claimants from adverse adjudications of the Unemployment Compensation Board of Review, the Board has filed motions to quash the appeals as not timely taken within thirty days of the *entry* of the Board's orders as mandated by Section 502, Appellate Court Jurisdiction Act of 1970 (ACJA), Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.502, Pa. R.A.P. 1512(a) and Pa. R.A.P. 108, which defines date of entry.

The long quest for a uniform time in which an appeal may be taken from an administrative agency adjudication to a judicial tribunal or from one judicial tribunal to another, believed to have been achieved with a few minor exceptions through the above legislation and rules of court, has been open to question for some time as to a major class of cases, namely appeals to court from orders of the Unemployment Compensation Board of Review. It is the purpose of the Board in filing these motions to resolve this question.

As it is not disputed in these appeals that all of them were taken more than thirty days after the Board had entered its orders upon its dockets and mailed the same, it would appear under the above cited authority that the Board's motions are well taken. Section 502, ACJA, with one exception not here relevant, provides that appeals from any order "shall be filed within thirty days of its entry." Pa. R.A.P. 1512(a) similarly provides that a petition for review of a quasi-judicial order must be taken "within 30 days after the entry of the order." Pa. R.A.P. 108 (a), applicable to appeals and petitions for review of

orders and determinations of governmental units, such as the Unemployment Compensation Board of Review, provides:

> (a) General rule.—Except as otherwise provided in this rule, in computing any period of time under these rules involving the date of entry of an order by a court or other government unit, the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties, or if such delivery is not otherwise required by law, the day the clerk or office of the government unit makes such copies public. The day of entry of an order may be the day of its adoption by the court or other government unit, or any subsequent day, as required by the actual circumstances.

The comment to this rule states that its purpose is to fix a date from which the time periods as otherwise set forth in the rules shall be computed.

But these statutory provisions and rules are but the tip of the iceberg as other statutory provisions and rules of court postponing finality to orders of the Board and permitting appeals as of right from only final orders must take precedence over the above cited authority.

As originally enacted and as recently amended by the Act of April 14, 1976, P.L.    ', Act No. 50, Section 509, of the Unemployment Compensation Law (UCL), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §829, provides that decisions of the Board "shall become final fifteen days after the date thereof [and] be subject to appeal to court after the same has become final." This legislative provision not only recognizes and prescribes that appeals as of right may be taken from only final orders of the Board but also postpones finality of a

Board order which, in fact, has been entered on its dockets or otherwise considered as "entered" by Pa. R.A.P. 108. Also relevant to resolution of this issue are Section 403, ACJA, 17 P.S. §211.403, affording exclusive jurisdiction to the Commonwealth Court from only "final orders" of state administrative agencies and Pa. R.A.P. 341 which similarly provides that appeals as of right may only be taken "from any final order of an administrative agency."

A review of the so-called housekeeping provisions of the ACJA, including those contained in the amending Act of June 3, 1971, P.L. 118, discloses no reference to Section 509 of the UCL as either absolutely repealed or repealed to the extent of being inconsistent with the provisions of the ACJA. Similarly, Pa. R.A.P. 5105 which suspends absolutely enumerated Acts of Assembly or suspends them insofar as they relate to practice or procedure in the appellate courts, makes no reference to Section 509 of the UCL. This want of reference affords added persuasiveness to a conclusion that Section 502, ACJA, and Pa. R.A.P. 1512(a) are intended to and must be construed to apply to only final appealable orders and were not intended to accelerate orders into finality which, by law, are not final merely because of their "entry."

To the extent that Pa. R.A.P. 108 would appear to be in conflict with such a conclusion we note that it does not attempt to define the *event* from which the time for appeals is computed in terms of *finality*, but only in terms of the action of the governmental unit (administrative agency), and appears to have been designed to clarify the meaning of "entry" as contained in Section 502, ACJA, and to make its application more equitable in terms of notice to a party by defining entry to mean the mailing or delivery of a notice rather than the mechanical act of recording an order on a docket.

We therefore conclude that inasmuch as only final orders of the Board may be appealed as a matter of right and Board orders by statute become final fifteen days after issuance, the event from which the time to appeal must be computed is the date of finality of the order which is fifteen days after its issuance. An appeal to this Court from a Board order is timely if taken within thirty days of that date in the manner prescribed by the Pennsylvania Rules of Appellate Procedure.

Such a conclusion carves out an exception in a major class of cases to the desirable goal of uniformity of time for appeals both as to the total time allotted for appeal and the event from which the allotted time is to be computed. No other major exceptions to this goal of uniformity are known to exist today thus affording a preference to appellants in unemployment compensation cases over appellants in other classes of cases involving appeals from adjudications of administrative agencies. The remedy, however, must abide the legislature.

As there is no dispute in these cases that the appeals were timely taken as we have resolved this issue, we shall dismiss the Board's motion to quash the appeals.

### Order

Now, January 20, 1977, the motions of respondent, Unemployment Compensation Board of Review, to quash the above appeals as untimely taken are hereby dismissed. The Chief Clerk shall list the above appeals for argument on the merits on the next available argument list at Harrisburg.