394 A.2d 985

COMMONWEALTH of Pennsylvania

v.

Gary Eugene LAUDENSLAGER, Appellant.

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided Nov. 3, 1978.

396

Charles J. Tague, Jr., Assistant Public Defender, Williamsport, for appellant.

Robert F. Banks, First Assistant District Attorney, Greenville and William S. Kieser, District Attorney, Williamsport, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This appeal arises from an order of the lower court granting, at appellant's request, a new trial. For the reasons herein stated, the appeal is quashed.

The procedural history of the case is as follows. After a jury trial, appellant was convicted on December 11, 1975, of two counts of possession with intent to deliver and delivery

of a controlled substance,[1] namely methylphenidate.[2] Appellant then made a motion in arrest of judgment, claiming that the evidence was not sufficient to prove "one of the elements of the crime charged, i. e., that the substance allegedly delivered contained a quantity of methylphenidate which would have a potential for abuse associated with a stimulant effect upon the central nervous system[.]" On February 18, 1976, that motion was denied. On April 26, 1976, appellant motioned for a new trial on the basis of after-discovered evidence. Appellant claimed:

> "Stuart H. James, a Forensic Toxicologist at the State University of New York at Binghamton, performed an analysis upon the pills which are alleged to have contained Methylphenidate and found that said pills contained no controlled substance whatsoever."

As the result of a conference between the court and counsel, the Commonwealth agreed that if another independent analysis of the pills indicated that no controlled substance was present, the Commonwealth would not oppose appellant's application for a new trial. The analysis revealed no controlled substance in the pills, and on September 23, 1976, the lower court granted appellant's request for a new trial. On September 27, 1976, appellant filed a notice of appeal, in which he claimed to be appealing "from the Order of the Lower Court granting a new trial but denying a Motion for Arrest of Judgment in this matter on the 21st day of September, 1976."[3]

Appellant's original argument, and the only one contained in his brief before this court, that the Commonwealth had not sufficiently established that the substance confiscated contained a sufficient quantity of methylphenidate to

---

1. "The Controlled Substance, Drug, Device and Cosmetic Act," The Act of April 14, 1972, P.L. 233, No. 64, § 13(a)(30) (35 P.S. § 780–113(a)(30)).

2. Methylphenidate is a Schedule II substance under the Act. 35 P.S. § 780–104(2)(iii)(3).

3. The order granting a new trial is in fact dated September 23, 1976, and was filed on September 29.

have a potential for abuse associated with a stimulant effect upon the central nervous system, *see Commonwealth v. Teada*, 235 Pa.Super. 438, 344 A.2d 682 (1975), was presented in his motion in arrest of judgment. That motion was denied, and no appeal therefrom was perfected within thirty days, as required by the Rules of Appellate Procedure. Pa.R.A.P. 903. Therefore, although appellant claims to be presenting a two-fold appeal to this court, first, from the denial of arrest of judgment, and second, from the grant of a new trial, his appeal is limited to the latter order.

 We now turn to the issue of whether appellant may appeal the grant of a new trial, which he requested, when sentence has not yet been imposed. It is the general rule that a criminal defendant may take an appeal only from judgment of sentence. *See, e. g., Commonwealth v. Liddick*, 471 Pa. 523, 370 A.2d 729 (1977); *Commonwealth v. Pollick*, 420 Pa. 61, 215 A.2d 904 (1966). Appellant maintains, however, that this court has jurisdiction over the instant appeal by virtue of Pa.R.A.P. 311(b), which presents an exception to that general rule. On the other hand, the Commonwealth contends, and we are persuaded by its argument, that this appeal is an impermissible appeal from an interlocutory order, and thus must be quashed.

Pa.R.A.P. 311(b) provides:

"An appeal may be taken . . . from an order in a criminal proceeding awarding a new trial where the defendant claims that the proper disposition of the matter would be an absolute discharge."

Rule 311(b), effective July 1, 1976, embodies the common law right of appeal in a criminal matter when the defendant claims a right to absolute discharge. *See Commonwealth v. Gabor*, 209 Pa. 201, 58 A. 278 (1904). Cases relying upon both the common law right and its articulation in the rule, and finding the new trial order appealable by the defendant, are ones in which the defendant has alternatively requested a new trial or, preferably, discharge. *See, e. g., Commonwealth v. Gabor, supra*; *Commonwealth v. Chenet*, 237 Pa.Super. 226, 352 A.2d 502 (1975), *rev'd on other grounds*,

473 Pa. 181, 373 A.2d 1107 (1977); *Commonwealth v. Fox,* 181 Pa.Super. 292, 124 A.2d 628 (1956).

In the instant case, appellant never mentioned entitlement to discharge or arrest of judgment in conjunction with his motion for a new trial. The new trial was the only relief requested by appellant in his motion dated April 26, 1976, from which this appeal emerges. The new trial was granted, not on the basis of the legal argument which the lower court rejected when it refused to arrest judgment, which appellant effectively waived by failing to perfect an appeal, and which appellant argues exclusively in his brief before us, but on the basis of after-discovered evidence. Therefore, under the procedural circumstances of this case, we have no option but to quash the appeal.

The appeal is quashed and the case is remanded to the lower court for a new trial in accordance with the order of September 23, 1976.

JACOBS, President Judge, dissents.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.