393 A.2d 1020

**COMMONWEALTH of Pennsylvania**

v.

**Monte WILKINSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided Nov. 3, 1978.

Edward F. Browne, Jr., Assistant Public Defender, Lancaster, for appellant.

D. Richard Eckman, District Attorney, Lancaster, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This is an appeal from the lower court's dismissal, without a hearing, of appellant's "Petition to Vacate and Reconsider Sentence." Because it is untimely, we quash the instant appeal.

Appellant was convicted, following a jury trial, of delivery of methamphetamine in violation of the Controlled Substance, Drug, Device and Cosmetic Act.[1] On January 24, 1977, appellant was sentenced. He took no direct appeal from the judgment of sentence, but rather, on February 23, 1977, petitioned the lower court to reconsider the sentence. That petition was dismissed on March 15, 1977, and an appeal therefrom was filed with this court on March 17, 1977.

Pursuant to the Appellate Court Jurisdiction Act, an appeal to this court "from any order shall be filed within

[1]. The Act of April 14, 1972, P.L. 233, No. 64, § 13(a)(30) [35 P.S. § 780–113(a)(30)].

thirty days of its entry."[2]  Such time limitations are strictly construed by our courts.  *Commonwealth v. Lord,* 230 Pa.Super. 96, 326 A.2d 455 (1974); *Commonwealth v. Peters,* 178 Pa.Super. 82, 113 A.2d 327 (1955).  It is clear that a motion for reargument or rehearing does not extend the time for taking an appeal, unless the court retains control, as by staying all proceedings.  *Provident National Bank v. Jerome Rooklin,* 250 Pa.Super. 194, 378 A.2d 893 (1977);  *Commonwealth v. Lord, supra.*  Pa.R.A.P. 1701(b)(3).  Similarly, a petition for reconsideration does not extend the time for appeal from a judgment of sentence.  The record reflects that appellant was advised at the conclusion of the sentencing hearing of the time for filing an appeal.  This appeal is thus not properly before us.

Appeal quashed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

---

2.  The Act of July 31, 1970, P.L. 673, No. 223, Art. V, § 502(a) [17 P.S. § 211.502(a)].  *See also,* Pa.R.A.P. 903(a).