414 A.2d 713

COMMONWEALTH of Pennsylvania,

v.

Charles F. DORMAN, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 10, 1979.

Filed Nov. 30, 1979.

Leonard J. Gajewski, Reading, for appellant.

J. Michael Morrissey, District Attorney, Reading, submitted a brief on behalf of the Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and
LIPEZ, JJ.

LIPEZ, Judge:

██ We here determine sua sponte that the appeal was
untimely, and must be quashed.[1]  Appellant was convicted
by a jury of receiving stolen property, 18 Pa.C.S. § 3925.
Post-verdict motions were filed and denied.  On December 1,
1978, appellant was sentenced to serve one to four years in
prison and pay a fine of three hundred dollars ($300).  At
the time of sentencing the trial judge informed appellant
that he had thirty days from that date to appeal, and the
judgment of sentence was entered on the lower court's
docket on that same day,[2] making the order appealable.
Pa.R.A.P. 301(a).

1.  Timeliness of an appeal is a jurisdictional requirement, and we
must ask whether the appeal is properly before us, even though
neither party has raised the question.  *Polascik v. Baldwin*, 245
Pa.Super. 1, 4–5, 369 A.2d 263, 265 (1976).  The Pennsylvania Rules
of Appellate Procedure in no way changed the long-standing require-
ment that untimely appeals be quashed.  *Provident Nat'l Bank v.
Rooklin*, 250 Pa.Super. 194, 196–99, 378 A.2d 893, 894–95 (1977).

2.  While the notice of appeal which appellant filed on January 8, 1979,
*see* note 3, *infra*, stated that it was "from the Judgment of Sentence
entered in this matter on December 19, 1978," no judgment of
sentence was entered on December 19, 1978.  What was entered on
that date by the lower court was a denial of appellant's motion to
vacate the sentence which had been entered on December 1, 1978.
Appellant had filed that motion in the lower court on December 7,
1978.  Because that motion was in writing and filed within ten (10)
days of imposition of sentence, it was proper and timely under
Pennsylvania Rule of Criminal Procedure 1410, but it in no way
affected the running of the appeal time.  *Commonwealth v. Wilkin-
son*, 260 Pa.Super. 77, 79, 393 A.2d 1020, 1021 (1978).  As the
comment to Rule 1410 states:

"Under this rule, the mere filing of a motion for modification of
sentence and the court's scheduling of a hearing on the motion do
not affect the running of the thirty day period for filing a timely
notice of appeal, and the need for the defendant to file his appeal
(both as to the merits of the case or as to the sentence) within that
period.  However, if the court vacates the prior judgment of
sentence, either in connection with granting the motion for modifi-
cation or in order to have additional time within which to consider
the motion, such action would have the same effect as an express
order granting reconsideration under Pa.R.A.P. 1701.  Accordingly,

■ Appellant filed his notice of appeal in the lower court on January 8, 1979.[3] A notice of appeal must be filed within thirty days after entry of the order appealed from. Pa.R. A.P. 903(a). At the time appellant filed his notice of appeal,[4] Pennsylvania Rule of Appellate Procedure 108 provided that the date of entry was to be determined as follows:

"(a) General rule. Except as otherwise provided in this rule, in computing any period of time under these rules involving the date of entry of an order by a court or other government unit, the day of entry shall be the day the clerk of the court or the office of the government unit

the vacation of sentence within the thirty day period for appeal will render any notice of appeal (either as to the merits of the case or the sentence) inoperative, and the time for filing the notice of appeal will begin to run anew from the date of the decision on the motion, even if the decision ultimately amounts to a reimposition of the prior sentence."
The court below never entered any order vacating the judgment of sentence, and hence the 30 day period for appeal ran continuously from the entry of judgment on December 1, 1978.

3. This is the date stamped by the lower court on the original copy of the notice of appeal. It is also the date on the certified copy of lower court docket entries, included in the record pursuant to Pennsylvania Rule of Appellate Procedure 1921. We note that the copy of the notice of appeal docketed in this court contained a handwritten notation that the notice had been filed in the lower court on January 5, 1979. Assuming arguendo that this notation has significance, January 5, 1979 was the thirty-fifth day after entry of the judgment of sentence, and filing of the notice of appeal on that date would also have been untimely. Pa.R.A.P. 903(a).

4. Recent Last Minute Amendments to Pennsylvania Rule of Appellate Procedure 108 redesignated section (a) as subsection (a)(1) and added new subsection (a)(2). 9 Pa.Bull. 1740; 1979 Pamphlet, Last Minute Amendments to Pennsylvania Court Rules, Pa.R.A.P. 108(a). Under paragraph 6 of the order of the Supreme Court dated May 16, 1979, these amendments became effective 120 days after publication in the Pennsylvania Bulletin (which occurred June 2, 1979, making the effective date September 30, 1979) and "govern all matters thereafter commenced and, insofar as just and practicable, in matters then pending." 9 Pa.Bull. 1740. The only change in old section (a), now subsection (a)(1), is that the word "prescribed" has replaced the word "provided." New subsection (a)(2) is only applicable to "a determination of a government unit other than a court." We need not determine whether it would be "just and practicable" to let the amended version of Rule 108(a) govern this case, since it is clear the changes could not affect the result.

mails or delivers copies of the order to the parties, or if such delivery is not otherwise provided by law, the day the clerk or office of the government unit makes such copies public. The day of entry of an order may be the day of its adoption by the court or other government unit, or any subsequent day, as required by the actual circumstances."

This section must govern our determination of the date of entry of the order in this case, because section (b) (Civil orders) and section (c) (Emergency appeals) are clearly inapplicable.

Initially we must determine which of the two sentences in Rule 108(a) controls in appellant's case. The rule "appears to have been designed to clarify the meaning of 'entry' . . . and to make its application more equitable in terms of notice to a party by defining entry to mean the mailing or delivery of a notice rather than the mechanical act of recording an order on a docket." *Sharpe v. Unemployment Compensation Board of Review*, 28 Pa.Cmwlth. 271, 275, 368 A.2d 1344, 1346 (1977) (unanimous opinion for the Commonwealth Court en banc by President Judge Bowman). In Appendix A (Highlights of Changes) to its Explanatory Note to the Pennsylvania Rules of Appellate Procedure, the Supreme Court of Pennsylvania's Advisory Committee on Appellate Court Rules states:

"Rule 108. A new rule clarifying the date of entry of an order for appeal purposes has been added." 1979 Pamphlet, Purdon's Pa.C.S.A., Rules of Appellate Procedure with Index at xvii.

The official Note to Rule 108 states: "The purpose of this rule is to *fix a date* from which the time period such as those set forth in Rules 903 (time for appeal), 1113 (time for petitioning for allowance of appeal), 1311 (interlocutory appeals by permission), 1512 (time for petitioning for review and 2542 (time for application for reargument) shall be computed." (Emphasis supplied). It is evident that clarity, certainty and ease of determination of the date of entry of

an order are among the principal purposes of Rule 108.[5]  The first sentence of the rule provides for three possibilities— date of mailing, date of delivery, and date of making public—none of which we have any way of determining from the record before us.[6]  When we cannot use any of the three

5.  Additional support for this conclusion may be found in the Explanatory Note—1979 to the Last Minute Amendment to Pennsylvania Rule of Appellate Procedure 905, which states, "Hereafter a duplicate set of appeal papers will be filed in the lower court and the clerk of the lower court will collect the appellate docketing fee and notify the appellate prothonotary of the taking of an appeal by transmitting one copy of the appeal papers.  The appeal will thus be self-docketing and Rule 1971 is rescinded as obsolete.  Among other things, this procedure will facilitate the sua sponte dismissal of out of time appeals, since the appellate court will immediately know the date the appeal was taken."  1979 Pamphlet, Last Minute Amendments to Pennsylvania Court Rules at 12.  The amendment to Rule 905, 9 Pa.Bull. 1741, under which "an appellate court will immediately know when an appeal is taken" could not "facilitate the sua sponte dismissal of out of time appeals" unless the date of entry is also immediately ascertainable, because it is the number of days after entry that the notice of appeal is filed that determines whether the appeal time has run.  Pa.R.A.P. 903.  Yet in adopting a comprehensive set of Last Minute Amendments, 9 Pa.Bull. 1740 et seq., the Supreme Court made no substantive change in the method of determination of the date of entry of orders of lower courts, although other changes were made in Rule 108(a).  In the exercise of its constitutional power to legislate in procedural matters for the court system, Pa.Const., art. V, § 10(c), the Supreme Court necessarily made a legislative determination, see 1 Pa.C.S. § 1921(c), (8) (incorporated into the Rules of Appellate Procedure by Pa.R.A.P. 107, see note 8, infra ), that Rule 108(a) already provided a clear and certain method of immediately ascertaining the date of entry of a lower court's order.

6.  "The original papers and exhibits filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court shall constitute the record [of] appeal in all cases."  Pa.R.A.P. 1921.  None of the items listed in Rule 1921 give us any clue concerning the dates of mailing, delivery or making public of orders in criminal cases.  In cases subject to the Pennsylvania Rules of Civil Procedure, we may look at the certified copy of docket entries in the record to find the date on which the clerk of the lower court made the notation required by Pa.R.C.P. 236(b), that notice had been sent to the parties.  The date that notation was made is the date of entry in cases subject to the Rules of Civil Procedure.  Pa.R.A.P. 108(b).  The Rules of Criminal Procedure, however, contain no equivalent requirement of noting on the docket when a copy of the order was sent.  Such a requirement would be superfluous, since the sentencing judge not only informs

possible dates in the first sentence of section (a), that sentence requires that the date of entry be determined "as otherwise provided in this rule." Since sections (b) and (c) are inapplicable, the date of entry of the order in this case must be determined under the only remaining provision, the second sentence of section (a).[7]

The second sentence of Rule 108(a) provides, "The day of entry of an order may be the day of its adoption by the court or other government unit, or any subsequent day, as required by the actual circumstances." We construe this broadly worded provision[8] to effectuate its purposes of

the defendant of the judgment of sentence in a proceeding of which a verbatim record must be kept, Pa.R.Crim.P. 1405(d)(2), but also must inform the defendant on the record during that proceeding of the time within which he must appeal. Pa.R.Crim.P. 1405(c)(1).

7. This conclusion does not violate the rule that particular provisions control general ones. 1 Pa.C.S. § 1933 (incorporated into the Rules of Appellate Procedure by Rule 107, see note 8, infra ). That rule comes into play only when "a general provision in a statute shall be in conflict with a special provision in the same or another statute . . . ." 1 Pa.C.S. § 1933. The first sentence of Rule 108(a) contains the introductory clause, "Except as otherwise provided by this rule," and therefore nothing in the remainder of the rule, including the second sentence of section (a) as well as all of sections (b) and (c), can be "in conflict with" the provisions in the first sentence following the introductory clause. Moreover, a conclusion that the first sentence controlled would violate the presumption that an unreasonable result is not intended, 1 Pa.C.S. § 1922(1), since our calculation of date of entry of the judgment of sentence would be based on notice which affords less protection than what is already required by Rule of Criminal Procedure 1405. See note 6, supra.

8. To determine the Supreme Court's intent when the Rules of Appellate Procedure do not contain an explicit, unambiguous provision, we resort to the rules of construction in the Statutory Construction Act of 1972, specifically incorporated into the Rules of Appellate Procedure by Rule 107, which provides:

"Chapter 19 of Title 1 of the Pennsylvania Consolidated Statutes (rules of construction) [1 Pa.C.S.A. § 1901 et seq.] so far as not inconsistent with any express provision of these rules, shall be applicable to the interpretation of these rules and all amendments hereto to the same extent as if these rules were enactments of the General Assembly."

Our interpretation of Rule 108(a) comports with all guidelines in 1 Pa.C.S. § 1921(c), which provides:

making the date of entry clear and certain, while treating appellants equitably in terms of notice. *Sharpe v. Unemployment Compensation Board of Review, supra.* We hold that December 1, 1978 was the date of entry of the order in this case, since entry on the docket made the order appealable from that date, Pa.R.A.P. 301(a), and the court informed appellant when sentence was imposed on that date that appellant had thirty days from that date to appeal. This result gives full effect to all underlying purposes of Rule 108, and is consistent with previous cases decided under the Rules of Appellate Procedure. *Commonwealth v. Rosmon,* 477 Pa. 540, 547, n. 4, 384 A.2d 1221, 1225, n. 4 (1978); *Commonwealth v. Laudenslager,* 260 Pa.Super. 395, 397, 394 A.2d 985, 986–87 (1978); *Commonwealth v. Wilkinson,* 260 Pa.Super. 77, 79, 393 A.2d 1020, 1021 (1978); *Szura v. Zoning Board of Wyoming Borough,* 40 Pa.Cmwlth. 172, 173, 397 A.2d 33, 34 (1979); *Taxpayers of Lackawanna County Appeal,* 37 Pa.Cmwlth. 580, 583–85, 390 A.2d 1368, 1370 (1978); *Choice v. Pennsylvania Board of Parole,* 448 F.Supp. 294, 296 & n. 4 (M.D.Pa.1977); *see Commonwealth v. Edwards,* 264 Pa.Super. 223, 226, n. 2, 399 A.2d 747, 749, n.2 (1979); *Sharpe v. Unemployment Compensation Board of Review, supra; cf. Strickler v. United Elevator Co., Inc.,* 257 Pa.Super. 542, 545, 391 A.2d 614, 616 (1978); *Conaway v. 20th Century Corp.,* 256 Pa.Super. 1, 4, 389 A.2d 146, 147 (1978); *Commonwealth ex rel. Milk Marketing Board v. Sunnybrook Dairies, Inc.,* 32 Pa.Cmwlth. 313, 317 & n. 6, 379 A.2d 330, 333 & n. 6 (1977); *see generally Provident National Bank v. Rooklin,* 250 Pa. Super. 194, 378 A.2d 893 (1977) (*passim*).

"When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:
(1) The occasion and necessity for the statute.
(2) The circumstances under which it was enacted.
(3) The mischief to be remedied.
(4) The object to be attained.
(5) The former law, if any, including other statutes upon the same or similar subjects.
(6) The consequences of a particular interpretation.
(7) The contemporaneous legislative history.
(8) Legislative and administrative interpretations of such statute."

Since the date of entry of the judgment of sentence was December 1, 1978, the notice of appeal filed 38 days later on January 8, 1979 was untimely. Timely filing of the notice of appeal is essential to the validity of the appeal. Pa.R.A.P. 902. An appellate court may not extend the time for filing a notice of appeal. Pa.R.A.P. 105(b).

Appeal quashed.