419 A.2d 115

**COMMONWEALTH of Pennsylvania,**

v.

**Paul D. GOTTSHALK, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed March 14, 1980.

James A. Downey, III, Bristol, for appellant.

Kenneth G. Biehn, District Attorney, Doylestown, for Commonwealth, appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

Pursuant to a negotiated plea, the defendant pleaded guilty to involuntary deviate sexual intercourse by forcible compulsion, and conspiracy to commit that act.[1]

He was sentenced to two to five years imprisonment. On appeal, he asserts that his sentence was excessive.[2] Since the appeal was untimely, we quash.

We raise the issue of the timeliness of the instant appeal *sua sponte*. Since the timeliness of an appeal is a jurisdictional requirement, it may be raised sua sponte. *Polascik v. Baldwin*, 245 Pa.Super. 1, 4–5, 369 A.2d 263, 265 (1976).

An appeal must be taken within 30 days after the entry of the order from which the appeal is taken. Pa.R. A.P. 903(a); *In re Gorham*, 272 Pa.Super. 145, 149, 414 A.2d 712, 713 (1979). The date of the entry of an order is defined by the Pa.R.A.P. 108. When the order[3] appealed from is a judgment of sentence, the date of the entry of the order is the day the court imposes sentence on the defendant, informs him of his right to appeal within 30 days, and enters the judgment on the docket. *Com. v. Dorman*, 272 Pa.Super. 149, 156, 414 A.2d 713, 717 (1979).

1. In exchange, the Commonwealth nol prossed charges of rape, indecent assault, involuntary deviate sexual intercourse, and two counts of conspiracy; the defendant conspired and acted with his brother–in–law; the victim was 14 years old; at the time of the offense, the defendant was 31 years old and was married.

2. Defendant's counsel does not question that the sentence was within the statutory limit. Involuntary deviate sexual intercourse is a felony of the first degree punishable by imprisonment of 20 years. 18 Pa.C.S.A. § 3123; 18 Pa.C.S.A. § 1103.

3. In Pa.R.A.P. 102, order is defined to include, inter alia, judgment.

In the instant case on July 21, 1978, the defendant was sentenced, informed of his right to appeal within 30 days, and the judgment of sentence was entered on the docket.

According to the lower court's certified copy of the docket entries, the notice of appeal was filed there on August 22, 1978, which is 32 days after July 21, 1978.[4] Since the notice of appeal was filed more than 30 days after the entry of judgment, the appeal is untimely. Except in circumstances which are not of record here, we cannot enlarge the time for taking an appeal. Pa.R.A.P. 105(b), and the comment thereto; *Commonwealth v. Dorman, supra,* 272 Pa.Super. at 157, 414 A.2d at 718; *In re Gorham, supra,* 272 Pa.Super. at 149, 414 A.2d at 713; *In re Kemmerer,* 46 Pa.Cmwlth. 455, 456, 405 A.2d 1108, 1109 (1979). Therefore, we must quash the appeal.

Even if we did not quash the appeal, we could not resolve the defendant's claim on the merits. The Rules of Criminal Procedure provide that motions to modify sentences must be filed within ten days of the imposition of sentence. Pa.R. Crim.P. 1410. The rule provides a procedure whereby a motion to modify sentence must be raised in the first instance before the sentencing court. Pa.R.Crim.P. 1410 comment. Apparently, 1410 (and the amendments to Pa.R. Crim.P. 1405) were drafted by the Criminal Procedural Rules Committee at the request of the Pennsylvania Supreme Court. *See Commonwealth v. Riggins,* 474 Pa. 115, 136, 377 A.2d 140, 151 (1977). Indeed, in *Riggins* the court stated that challenges to the propriety of the sentence should be first presented to the trial court. *Id.* Since *Riggins,* the court has repeated this requirement. *Commonwealth v. Walls,* 481 Pa. 1, 4, 391 A.2d 1064, 1065–66 (1978) (challenge to the propriety of the sentence was waived since the defendant did not object at sentencing and did not file a petition for reconsideration in the sentencing court).

---

4. Defendant filed the notice of appeal *pro se.* At trial, he was represented by a public defender. At the time of sentencing, the court informed him of his right to the assistance of counsel in taking an appeal and that counsel would be provided for free if the defendant could not afford counsel. On this appeal, the defendant is represented by court–appointed counsel.

■ At sentencing, the judge is required to inform the defendant, inter alia, that he has a right to file motions challenging the propriety of the sentence; that such motions must be filed within ten days; and that only claims raised in the lower court may be raised on appeal. Pa.R.Crim.P. 1405(c). In the instant case, the defendant filed no motion to modify within the ten day period. He did, however, file a petition to vacate and reconsider sentence nunc pro tunc on August 30, 1978, which was eight days after he filed a notice of appeal to this court and forty days after he was sentenced.[5] At sentencing, the judge informed him, inter alia, of his right to file a motion to reconsider sentence or withdraw his guilty plea and the ten day time limit for filing such motions. Since the defendant did not timely file a motion to modify sentence, his claim of excessive sentence has not been preserved for appellate review. We, however, note a conflict between two of our cases.

In one case, we held that a claim of excessive sentence must be raised in the lower court to be preserved for appeal and in the other case, we held the claim of excessive sentence need not be raised below to preserve it for appeal. *Commonwealth v. Morris*, 273 Pa.Super. 477, 482, 417 A.2d 748, 750 (1979) (claim waived); *Commonwealth v. Smith*, 257 Pa.Super. 435, 437 n.1, 390 A.2d 1315, 1317 n.1 (1978) (claim not waived). However, in both cases, at the time of sentencing, Pa.R.Crim.P. 1410 was not yet effective. (Pa.R.Crim.P. 1410 became effective for sentences imposed on or after July 1, 1978). Thus, these prior cases do not undermine our analysis of Pa.R.Crim.P. 1410.

The defendant filed his appeal too late and filed his motion to reconsider too late despite the judge's informing him of the proper time limits.

Appeal quashed.

5. The lower court did not act on this petition since it was not timely filed, Pa.R.Crim.P. 1410; and it also had no jurisdiction to act on the petition, Pa.R.A.P. 1701.