419 A.2d 763

**COMMONWEALTH of Pennsylvania**

v.

**Russell A. MOLYNEAUX, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed May 2, 1980.

James P. Gregor, Public Defender, Stroudsburg, for appellant.

Ralph A. Matergia, Assistant District Attorney, Stroudsburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and HESTER and HOFFMAN, JJ.

PER CURIAM:

On January 5, 1978, appellant Russell A. Molyneux pled guilty to one count of criminal attempt (burglary) in the Court of Common Pleas, Monroe County Branch. At the sentencing hearing on March 1, 1978, he was sentenced to 11½ to 23 months imprisonment and ordered to pay a $400.00 fine. No appeal was taken, but on March 28, 1978, appellant filed a petition with the court seeking reconsideration of the sentence. The petition was denied on April 3, 1978, following a hearing. On this appeal, filed April 21, 1978, appellant urges us to remand for resentencing. Because the appeal was not timely filed, we quash.

A notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken. Pa.R.App.P. 903(a); 42 Pa.C.S.A. § 5571;[1] *Commonwealth v. Gottshalk*, 276 Pa.Super. 102, 419 A.2d 115, (1980). A motion for reargument or rehearing does not extend the time for taking an appeal from a judgment of sentence, *Commonwealth v. Lord*, 230 Pa.Super. 96, 326 A.2d 455 (1974); cf. *Provident National Bank v. Rooklin*, 250 Pa.Super. 194, 378 A.2d 893 (1977), nor is the time extended by a petition for

---

[1]. At the time this appeal was taken, the thirty day requirement could be found in the Appellate Court Jurisdiction Act. 17 P.S. § 211.-502(a) and Pa.R.App.P. 903.

reconsideration or modification of sentence. *Commonwealth v. Dorman*, 272 Pa.Super. 149, 414 A.2d 713 (1979); *Commonwealth v. Wilkinson*, 260 Pa.Super. 778, 393 A.2d 1020 (1978) [2].

The judgment of sentence in the instant case was entered on the docket on March 1, 1978, thus making it appealable. Pa.R.App.P. 301; cf. *Commonwealth v. Laudenslager*, 260 Pa.Super. 395, 394 A.2d 985 (1978). At that time, appellant was informed that if he desired to appeal to this Court, then he must do so within thirty days. He was further advised that one of the grounds he may raise on that appeal could be "whether . . . the sentence was proper". N.T. 3/1/78, P. 4; cf. Pa.R.Crim.P. 1405(c). Yet the appeal was not filed until 51 days following the judgment of sentence.

■■■ An appellate court may not enlarge the time for filing a notice of appeal. Pa.R.App.P. 105; *Rooklin*, supra; *In re Kemmerer*, 46 Pa.Cmwlth. 455, 405 A.2d 1108 (1979); *Szura v. Zoning Hearing Bd. of Wyo. Borough*, 40 Pa. Cmwlth. 172, 397 A.2d 33 (1979). Further, timeliness of an appeal is a jurisdictional question, *Dorman*, supra; *Strickler v. United Elevator Co., Inc.*, 257 Pa.Super. 542, 391 A.2d 614 (1978); *Leveto v. National Fuel Gas Dist. Corp.*, 243 Pa.Super. 510, 366 A.2d 270 (1976), allowing this Court to consider the issue sua sponte. *Commonwealth v. Gottshalk*, supra; cf. *Cipolla v. Cipolla*, 264 Pa.Super. 53, 398 A.2d 1053 (1979); *Polascik v. Baldwin*, 245 Pa.Super. 1, 369 A.2d 263 (1976).

**2.** Pa.R.Crim.P. 1410 (Motion to Modify Sentence), although not effective until after appellant was sentenced, also provides that the time for filing an appeal is not extended by a motion for reconsideration of sentence. The Comments thereto state: "[T]he mere filing of a motion for modification of sentence and the court's scheduling of a hearing on the motion do not affect the running of the thirty day period for filing a timely notice of appeal and the need of the defendant to file his appeal (both as to the merits of the case and as to the sentence) within that period." Adopted May 22, 1978, effective as to cases in which sentence is imposed on or after July 1, 1978. *Commonwealth v. Wilkinson*, 260 Pa.Super. 77, 393 A.2d 1020 (1978) makes clear that this Comment to Rule 1410 is an accurate statement of the law existing even before Rule 1410 was adopted.

Since the appeal was not timely filed, we are without jurisdiction to entertain it.

Appeal quashed.