442 A.2d 698

**COMMONWEALTH of Pennsylvania,**

v.

**Thomas McCARTHY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed Dec. 18, 1981.

Reargument Denied April 2, 1982.

Petition for Allowance of Appeal Denied June 11, 1982.

---

James A. Bartholomew, Allentown, for appellant.

James Knoll Gardner, Assistant District Attorney, Allentown, submitted a brief on behalf of Commonwealth, appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

PER CURIAM:

This is an appeal from an order of the Court of Common Pleas of Lehigh County. The procedural history and facts relevant to the issue on appeal are as follows:

Appellant was charged with possession with intent to deliver, and delivery of both cocaine and heroin, and conspiracy to deliver marijuana on eight counts in four criminal informations.

On January 15, 1979, appellant pleaded guilty to two counts of delivery of cocaine and one count of delivery of heroin, pursuant to a plea bargain wherein the Common-

wealth agreed to nolle pros the two charges of conspiracy relating to delivery of marijuana.

On March 6, 1979, appellant was sentenced to five to twelve years incarceration. After his Motion for Reconsideration of Sentence was denied, this appeal followed.

Appellant contends the sentence imposed constituted an abuse of discretion because it was excessive and because the trial court considered character and reputation evidence that appellant was a major drug dealer in marijuana in Allentown.

We are unable to reach the merits of this appeal due to the fact that the same was not timely filed, and must, therefore, be quashed.

In *Commonwealth v. Molyneaux*, 277 Pa.Super. 264, 419 A.2d 763 (1980) we stated:

A notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken. Pa.R.App.P. 903(a); 42 Pa.C.S.A. § 5571; *Commonwealth v. Gottshalk*, 276 Pa.Super. 102, 419 A.2d 115, (1980). A motion for reargument or rehearing does not extend the time for taking an appeal from a judgment of sentence, *Commonwealth v. Lord*, 230 Pa.Super. 96, 326 A.2d 455 (1974); cf. *Provident National Bank v. Rooklin*, 250 Pa.Super. 194, 378 A.2d 893 (1977), nor is the time extended by a petition for reconsideration or modification of sentence. *Commonwealth v. Dorman*, 272 Pa.Super. 149, 414 A.2d 713 (1979); *Commonwealth v. Wilkinson*, 260 Pa.Super. 77, 393 A.2d 1020 (1978).

and at 277 Pa.Super. 266, 419 A.2d 764:

An appellate court may not enlarge the time for filing a notice of appeal. Pa.R.App.P. 105; *Rooklin*, supra; *In re Kemmerer*, 46 Pa.Cmwlth. 455, 405 A.2d 1108 (1979); *Szura v. Zoning Hearing Bd. of Wyo. Borough*, 40 Pa.Cmwlth. 172, 397 A.2d 33 (1979). Further, timeliness of an appeal is a jurisdictional question, *Dorman*, supra; *Strickler v. United Elevator Co., Inc.*, 257 Pa.Super. 542, 391 A.2d 614 (1978); *Leveto v. National Fuel Gas Dist. Corp.*, 243 Pa.Super. 510, 366 A.2d 270 (1976), allowing this Court to

consider the issue sua sponte. *Commonwealth v. Gott-shalk*, supra; cf. *Cipolla v. Cipolla*, 264 Pa.Super. 53, 398 A.2d 1053 (1979); *Polascik v. Baldwin*, 245 Pa.Super. 1, 369 A.2d 263 (1976).

In the within appeal, the appellant was sentenced on March 6, 1979; on March 14, he filed a motion for reconsideration of sentence; on April 3, the court directed that the notes of testimony at the sentencing hearing be transcribed; on December 12, a brief was filed and oral argument was heard; on February 7, 1980, the lower court denied the motion for reconsideration of sentence; and subsequent to February 7, 1980, the instant appeal was filed. Since the appellant was sentenced on March 6, 1979, an appeal should have been filed within 30 days of that date. Pa.R.A.P. 903. The mere filing of a petition for reconsideration of sentence did not extend the time for filing an appeal, *Commonwealth v. Molyneaux*, supra; Pa.R.Crim.P. 1410 comment, nor did the court take other action which would extend the time for filing an appeal. See Pa.R.Crim.P. 1410 comment; *Commonwealth v. Wilkinson*, 260 Pa.Super. 77, 393 A.2d 1020 (1978). Under these circumstances since the appeal was not timely filed, we are without jurisdiction to entertain it.

Appeal quashed.