453 A.2d 1028
**COMMONWEALTH of Pennsylvania**
v.
**Gregory JONES, a/k/a Frank Dobson, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 28, 1982.

Filed Dec. 17, 1982.

Norris E. Gelman, Philadelphia, for appellant.

Jane Culter Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, WICKERSHAM and CIRILLO, JJ.

SPAETH, Judge:

This is an appeal from judgments of sentence for burglary and theft. We quash the appeal as filed too late.

 Whether an appeal has been filed in time is a jurisdictional question that may be raised by this court *sua sponte. Commonwealth v. Gottshalk,* 276 Pa.Super. 102, 105, 419 A.2d 115, 116 (1980). The notice of an appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "When the order appealed from is a judgment of sentence, the date of the entry of the order is the day the court imposes sentence on the defendant, informs him of his right to appeal within 30 days, and enters judgment on the docket." *Commonwealth v. Gottshalk, supra,* 276 Pa.Super. at 105, 419 A.2d at 116 (citing *Commonwealth v. Dorman,* 272 Pa.Super. 149, 155, 414 A.2d 713, 717 (1979)) (footnote omitted).

 The lower court's certified docket entries show that appellant was sentenced on June 9, 1980.[1] The transcript of the sentencing proceeding shows that when he was sentenced, appellant was advised of his right to appeal "within 30 days of today's date." (N.T. 6/9/80 at 21). The notice of appeal to this court was filed on August 20, 1980.

The appeal is quashed.

---

1. A petition for reconsideration of sentence was filed on June 24, 1980. This was beyond the ten day limit prescribed by Pa.R.Crim.P. 1410, but in any event, a petition for reconsideration does not extend the time for taking an appeal. *Commonwealth v. Wilkinson,* 260 Pa.Super. 77, 78, 393 A.2d 1020, 1021 (1978).