459 A.2d 420
**COMMONWEALTH of Pennsylvania**
v.
**Horace WILLIAMS, Appellant.**
Superior Court of Pennsylvania.
Submitted Feb. 4, 1983.
Filed April 29, 1983.

82

Joseph V. Furlong, Jr., Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, McEWEN and MONTGOMERY, JJ.

WIEAND, Judge:

Horace Williams entered a counseled plea of guilty to robbery. On August 13, 1981, he was sentenced to a term of imprisonment for not less than four nor more than ten years. Although fully advised of his rights following sentencing, Williams did not file a motion to withdraw his plea of guilty, and he did not request a reconsideration of sentence. On October 10, 1981, he filed a pro se appeal in this court.

This appeal was untimely. An appeal must be filed within thirty days of the judgment of sentence. See: *Commonwealth v. McCarthy*, 296 Pa.Super. 142, 144–145, 442 A.2d 698, 699–700 (1981); *Commonwealth v. Molyneaux*, 277 Pa.Super. 264, 265–266, 419 A.2d 763, 764 (1980); Pa.R. A.P. 903(a). Where an appeal has been filed untimely, the defect is jurisdictional and may be raised by this Court sua sponte. *Commonwealth v. Jones*, 307 Pa.Super. 558, 453 A.2d 1028 (1982); *Commonwealth v. Gottshalk*, 276 Pa.Super. 102, 104, 419 A.2d 115, 116 (1980).

 Appellant's brief contends that he is also appealing from an order of the trial court, allegedly entered on September 10, 1981, which denied a request for the appointment of counsel to file a motion to modify sentence. Neither the docket nor the sentencing judge's opinion discloses the filing of such a petition; and no such petition is among the record papers. Indeed, on September 10, 1981, appellant was still represented by his guilty plea counsel, who could have preserved appellant's right of appeal if requested to do so. Moreover, and in any event, an appeal will lie only from a definitive order, decree or judgment which finally terminates the action. *Commonwealth v. Ray*, 448 Pa. 307, 312, 292 A.2d 410, 413 (1972); *Commonwealth v. Hunter*, 294 Pa.Super. 52, 54, 439 A.2d 745, 746 (1982); *Commonwealth v. Gore*, 279 Pa.Super. 622, 623, 421 A.2d 372, 373 (1980); *Commonwealth v. DeFelice*, 248 Pa.Super. 516, 521, 375 A.2d 360, 362 (1977). In this case the appealable order was the judgment of sentence. See: *Commonwealth v. Liddick*, 471 Pa. 523, 527 n. 2, 370 A.2d 729, 731 n. 2 (1977); *Commonwealth v. Pollick*, 420 Pa. 61, 63, 215 A.2d 904, 905 (1966); *Commonwealth v. Laudenslager*, 260 Pa.Super. 395, 398, 394 A.2d 985, 987 (1978). Because the appeal was not filed within thirty days thereafter, it was untimely and must be quashed.

Appeal quashed.