466 A.2d 702

**COMMONWEALTH of Pennsylvania**

v.

**Robert JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted July 27, 1983.

Filed Oct. 7, 1983.

John J. Brier, Scranton, for appellant.

Ernest D. Preate, Jr., District Attorney, Scranton, for Commonwealth, appellee.

Before ROWLEY, BECK and MONTEMURO, JJ.

PER CURIAM:

Appellant contends that the sentence imposed by the court below was excessive. We cannot reach the issue, however, because the appeal was not timely filed.

The relevant facts are as follows: appellant entered a guilty plea to a charge of burglary, 18 Pa.C.S.A. § 3502, following which he was sentenced to a prison term of two (2) to four (4) years on December 9, 1981. On December 15, 1981, appellant filed a petition for reconsideration of sentence. The court below denied the petition on January 21, 1982. On February 12, 1982, appellant filed this appeal from the order denying the petition for reconsideration. No direct appeal from the judgment of sentence was ever taken.

This case is controlled by *Commonwealth v. Wilkinson*, 260 Pa.Super. 77, 393 A.2d 1020 (1978). The defendant in that case filed no direct appeal from the judgment of sentence which was entered on January 24, 1977, but in-

stead on February 23, 1977, filed a petition for reconsideration of sentence. That petition was dismissed on March 15, 1977, and defendant then filed an appeal therefrom on March 17, 1977. Our court quashed the appeal, noting that an appeal to this court must be filed within thirty days of the entry of the appealed order. Pa.R.App.P. 903(a). Specifically, the court held that the appeal was not properly before it because "... a petition for reconsideration does not extend the time for appeal from a judgment of sentence." *Commonwealth v. Wilkinson, supra,* 260 Pa.Superior Ct. at 79, 393 A.2d at 1021. See in accord, *Commonwealth v. McCarthy,* 296 Pa.Super. 142, 442 A.2d 698 (1981); *Commonwealth v. Thompson,* 277 Pa.Super. 267, 419 A.2d 765 (1980).

In addition, the comment to Pa.R.Crim.P. 1410 states that, "... [T]he mere filing of a motion for modification of sentence and the court's scheduling of a hearing on the motion do not affect the running of the thirty-day period for filing a timely notice of appeal, and the need for the defendant to file his appeal (both as to the merits of the case or as to the sentence) within that period."

Accordingly, the appeal is quashed.