482 A.2d 1099

**COMMONWEALTH of Pennsylvania**

v.

**Eric BAINES, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 24, 1983.

Filed Oct. 5, 1984.

98

Edward Blumstein, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and HOFFMAN, JJ.

## OPINION

PER CURIAM:

Appellant Eric Baines was convicted of conspiracy, aggravated assault, attempted murder and possession of an instrument of crime in a jury trial before the Honorable Angelo A. Guarino. The charges stemmed from an incident on September 20, 1980 when appellant shot a Philadelphia police officer, John D'Amico, as the officer attempted to serve a search warrant for narcotics at appellant's residence. Post-verdict motions were filed, denied, and appellant was sentenced to a term of five to ten years imprisonment on the attempted murder conviction with concurrent sentences imposed on the remaining convictions. Appellant filed a motion, a supplemental motion and revised supplemental motion for a new trial and/or arrest of judgment, which motions were denied by Judge Guarino in an opinion dated June 22, 1982. Thereafter, appellant filed a *pro se* appeal to our court. The Commonwealth moved to quash the appeal due to the untimely filing (thirty-one days after imposition of sentence), which motion was denied on August 18, 1982 "without prejudice to the parties' right to raise the issue of timeliness in their brief and at oral argument."

Appellant raises the following issues on appeal:

1.  Shall Appellant's appeal be quashed as a result of filing a pro se appeal thirty-one days after imposition of sentence?

2. Should Appellant, Eric Baines, be granted a new trial and/or arrest of judgment due in whole or in part to material errors in the trial court proceedings including:

    a) material errors in the trial court's charge to the jury;

    b) improper admittance of irrelevant and inflammatory physical evidence;

    c) improper and abusive questioning of witnesses by the trial court;

    d) failure of the trial court to remain impartial and refrain from interjecting damaging statements and inferences unsupported by the evidence;

    e) ineffectiveness of counsel; and

    f) a verdict contrary to the law and weight of the evidence.

Brief for Appellant at 1.

As to the first issue appellant raises, Pa.R.A.P. 903(a) provides that the notice of appeal shall be filed within thirty (30) days after the entry of the order from which the appeal is taken. As we said in *Commonwealth v. Molyneaux*, 277 Pa.Super. 264, 419 A.2d 763 (1980):

A notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken. Pa.R.App.P. 903(a); 42 Pa.C.S.A. § 5571; . . . A motion for reargument or rehearing does not extend the time for taking an appeal from a judgment of sentence, . . . nor is the time extended by a petition for reconsideration or modification of sentence. . . .

The judgment of sentence in the instant case was entered on the docket on March 1, 1978, thus making it appealable. Pa.R.App.P. 301; . . . At that time, appellant was informed that if he desired to appeal to this Court, then he must do so within thirty days. He was further advised that one of the grounds he may raise on that appeal could be 'whether . . . the sentence was proper.' . . . cf. Pa.R.Crim.P. 1405(c). Yet the appeal was not filed until 51 days following the judgment of sentence.

An appellate court may not enlarge the time for filing a notice of appeal. Pa.R.App.P. 105; ... Further, timeliness of an appeal is a jurisdictional question, ... allowing this Court to consider the issue sua sponte ....

Since the appeal was not timely filed, we are without jurisdiction to entertain it.

Appeal quashed.

*Id.*, 277 Pa.Superior Ct. at 265–67, 419 A.2d at 764 (citations and footnotes omitted).

Appeal quashed.[1]

---

1. Although we quash the appeal, we note from a careful review of the record in this case along with the briefs submitted by counsel and our independent review and analysis of applicable law, that the well-reasoned opinion of Judge Guarino, dated June 22, 1982, fully answers the second question raised in this appeal, and that there is no merit in any issues raised therein.