537 A.2d 1

COMMONWEALTH of Pennsylvania

v.

Leonard HOTTINGER, Appellant.

Superior Court of Pennsylvania.

Submitted May 26, 1987.

Filed Dec. 8, 1987.

Reargument Denied Feb. 12, 1988.

528

Theodore Q. Thompson, Ambler, for appellant.

William H. Platt, District Attorney, Allentown, for Com.

Before CIRILLO, President Judge, and ROWLEY and McEWEN, JJ.

ROWLEY, Judge:

This appeal is from an order denying appellant Leonard Hottinger's motion for a new trial on the basis of after-discovered evidence. As the result of an incident in the city of Allentown on August 14, 1981, appellant was convicted of unlawful restraint, indecent assault, indecent exposure, and open lewdness. Appellant raises five issues: 1) whether the

evidence was sufficient to support the verdict; 2) whether the trial court erred in denying appellant's request for a curative instruction after the assistant district attorney in her closing argument commented upon what appellant did not say to the police at the time of his arrest; 3) whether the trial court erred in denying appellant's motion for a mistrial, made for the same reason as the request for a curative instruction; 4) whether the trial court erred in denying appellant's motion for a new trial based on after-discovered evidence; and 5) whether the trial court erred in denying appellant access to the victim's mental health records. We affirm.

This case has a complex procedural history. Appellant was tried before a jury and on June 10, 1982, was found guilty of all charges.[1] Appellant filed motions for a new trial and in arrest of judgment on June 17, 1982. These post-trial motions included the first, second, third, and fifth issues that appellant now raises before this Court. After a series of continuances had been granted, the trial court on July 1, 1983, ordered that appellant's post-trial motions be dismissed for failure to proceed timely.

Throughout these proceedings appellant had been represented by counsel from the Public Defender's Office. After dismissal of his post-trial motions, appellant retained private counsel, whose representation of appellant continues to the present time. On February 9, 1984, appellant's new counsel petitioned the court to set aside its order dismissing appellant's post-trial motions. The petition was granted, argument was heard on the motions, and the trial court denied the motions in an order filed on March 11, 1985. On May 23, 1985, appellant was sentenced to a term of imprisonment of nine to twenty-three months. On or about that date appellant filed an application for release pending appeal in which he asked the trial court to continue bail and to

---

1. In its opinion the trial court stated that appellant was convicted of unlawful restraint, indecent assault, indecent exposure, and impersonating a public servant. The certified record and the briefs filed by both parties indicate that the fourth offense was open lewdness, not impersonating a public servant.

"stay the execution of sentence" or to "stay the sentence." On the day of sentencing the trial court ordered that bail be continued on the condition that appellant pursue his appeal to this court within the time permitted by law. On or about June 3, 1985, appellant filed a petition for reconsideration of sentence and a motion for a new trial based upon after-discovered evidence. The trial court denied the petition for reconsideration of sentence on June 12, 1985. After a hearing on the motion for a new trial based on after-discovered evidence, the trial court denied the motion on November 19, 1986. On December 16, 1986, appellant filed a timely appeal from that order.

The salient fact to emerge from this mass of procedural detail is that only the fourth of appellant's five issues is properly before this Court. The notice of appeal that was filed on December 16, 1986, states that appellant "hereby appeals to the Superior Court of Pennsylvania from the Order entered in this matter on November 19, 1986." In its order of November 19, 1986, the trial court denied appellant's motion for a new trial based on after-discovered evidence *and addressed no other issue.* Appellant, having appealed from that order, can address no other issue in this appeal. He cannot now be heard to claim that he has filed "a direct appeal as of right from a judgment of conviction and sentence" (Brief for Appellant at 1).

 Even if appellant had originally brought this appeal as an appeal from the judgment of sentence, his attempt to raise issues one, two, three, and five would necessarily fail. Judgment of sentence was entered on May 23, *1985.* Appellant filed the instant appeal on December 16, *1986.* As an attempt to raise the four issues that concern matters prior to or during trial, the filing was almost one and a half years too late. Pa.R.A.P. 903(a) requires that a notice of appeal be filed within thirty days of entry of the judgment of sentence. Time limitations on the taking of appeals are to be strictly construed, *Commonwealth v. Hoskins,* 329 Pa.Super. 226, 230, 478 A.2d 45, 48 (1984); *Commonwealth v. Wilkinson,* 260 Pa.Super. 77, 79,

393 A.2d 1020, 1020 (1978), and cannot be extended as a matter of grace, *Commonwealth v. Horner*, 449 Pa. 322, 324, 296 A.2d 760, 762 (1972); *Commonwealth v. Zazo*, 330 Pa.Super. 386, 391, 479 A.2d 606, 608 (1984). The question of timeliness can be raised by the reviewing court *sua sponte*. *Commonwealth v. Williams*, 313 Pa.Super. 81, 82, 459 A.2d 420, 421 (1983).

■ We have thoroughly reviewed the record that has been certified to us and have discovered no action by the trial court that extended the time allotted to appellant to file an appeal. Appellant's application for release pending appeal, filed on or about May 23, 1985, resulted in a continuation of bail, not in a stay of the sentence. The trial court stated expressly that bail was being continued only on the condition that appellant pursue an appeal to this court within the time permitted by law. It is settled law that the petition for reconsideration of sentence that appellant filed on or about June 3, 1985, did not extend the time for appealing the judgment of sentence. Comment to Pa.R. Crim.P. 1410; *Commonwealth v. McCleary*, 333 Pa.Super. 443, 446, 482 A.2d 651, 652 (1984); *Commonwealth v. Wilkinson*, 260 Pa.Super. 77, 79, 393 A.2d 1020, 1021 (1978). Only if appellant had asked the trial court to vacate the judgment of sentence until the motion was decided and the trial court had granted appellant's request would the appeal period have been extended. *See* Comment to Pa.R.Crim.P. 1410. Similarly, appellant's filing, within the thirty-day appeal period, of a motion for a new trial based on after-discovered evidence does not extend the appeal period. Pa.R. Crim.P. 1123(d) states that a motion for a new trial on the ground of after-discovered evidence must be filed in writing promptly after such discovery. Neither the rule, the comment to the rule, nor the case law that we have examined suggests that filing such a motion extends the period within which to appeal the judgment of sentence. Finally, we have ascertained from the prothonotary of this Court that appellant has not filed a separate appeal that is not noted in the certified record of this case.

In sum, appellant's right to appeal the judgment of sentence expired on June 22, 1985, thirty days after the judgment was entered. If appellant had filed an appeal from the judgment of sentence on December 16, 1986, owing to its untimeliness we would lack jurisdiction to entertain it. *Commonwealth v. Bey,* 437 Pa. 134, 136–37, 262 A.2d 144, 145 (1970); *Commonwealth v. McCarthy,* 296 Pa.Super. 142, 145, 442 A.2d 698, 700 (1982).[2]

 Thus the sole issue to be decided by this Court is whether the trial court erred in denying appellant's motion for a new trial based on after-discovered evidence. The evidence allegedly discovered by appellant concerns the testimony of Arthur Allender, former chief of police of the city of Allentown. Allender was called by the Commonwealth as a rebuttal witness whose testimony could be expected to impeach the credibility of appellant. He testified that appellant, as a student at the Allentown Police Academy, had been permitted to ride in police vehicles and had been given a permit to carry a pistol, but had never worked in an undercover capacity for the city police department. Appellant's after-discovered evidence was the information that after appellant had been convicted, Allender allegedly revealed to the prosecuting police officer that he, Allender, had perjured himself at trial by denying that appellant had worked in an undercover capacity for the police department when in fact appellant had done so. Allender denied making such a statement.

**2.** If the instant appeal were an untimely appeal from the judgment of sentence, we would be concerned that the record as certified to this Court does not include a transcript of the sentencing proceeding. The thirty-day appeal period does not begin to run until the trial court imposes sentence, *informs the defendant of his right to appeal within thirty days,* and enters the judgment on the docket. *Commonwealth v. Cavanaugh,* 500 Pa. 313, 315, 456 A.2d 145, 146 (1983); *Commonwealth v. Nugent,* 291 Pa.Super. 421, 425 n. 8, 435 A.2d 1298, 1300 n. 8 (1981). *See Commonwealth ex rel. Smith v. Myers,* 438 Pa. 218, 222, 261 A.2d 550, 552 (1970) (failure to appeal that results from lack of knowledge of appeal rights is not a knowing and voluntary waiver of right to appeal). Because this appeal has been taken from the order denying the motion for a new trial, not from the judgment of sentence, we do not need to consider whether appellant was fully informed of his right to appeal the sentence.

To justify the grant of a new trial, evidence obtained after trial 1) must be such that it could not have been obtained at trial by reasonable diligence, 2) must not be cumulative or merely impeach credibility, and 3) must be such as would compel a different result. *Commonwealth v. Tervalon,* 463 Pa. 581, 589, 345 A.2d 671, 674 (1975); *Commonwealth v. Benson,* 317 Pa.Super. 139, 142, 463 A.2d 1123, 1125 (1983). The trial court, in a thorough and well-reasoned opinion, ruled that appellant's evidence did not warrant a new trial because it failed to meet the second and third of these requirements. Allender's testimony concerned collateral matters only; it was not essential to establishing the elements of the crimes with which appellant was charged. Thus, appellant's evidence, even if its trustworthiness could be established, would not compel a different result. In addition, allegations that Allender had perjured himself would do no more than impeach Allender's credibility. We conclude that the trial court has correctly decided this issue.

Order affirmed.