J-S38041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KATHLEEN BANG WHAN CHUNG AND MYONG JA JHANG, | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : | |
| KYUNG SOON KIM AND SOOK HEE KIM, | : : : | |
| Appellees | : | No. 2128 EDA 2013 |

Appeal from the Order Entered June 14, 2013,
In the Court of Common Pleas of Montgomery County,
Civil Division, at No. 2011-33371.

BEFORE:  FORD ELLIOTT, P.J.E., BOWES and SHOGAN, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 04, 2014**

*Pro se* Appellants, Kathleen Bang Whan Chung and Myong Ja Jhang, appeal from the order denying their motion for special injunctions, a temporary restraining order, and a preliminary injunction in this matter brought against Appellees, Kyung Soon Kim and Sook Hee Kim.[1]  We affirm.

The trial court summarized the factual and procedural history of this case as follows:

> This matter arises out of a dispute on the financing and governance of the Global Mission Theological School ("GMTS") in Elkins Park, PA.  [Appellants] claim to have been members of

---

[1] We note that while the denial of a preliminary injunction is not a final order, it is, nevertheless, an interlocutory order appealable as of right pursuant to Pa.R.A.P. 311(a)(4).  Accordingly, this appeal is properly before this Court.

GMTS' Board of Directors and officers of the school, which is incorporated as a non-profit corporation. [Appellants] further claim to have together loaned large sums of money to [Appellees,] GMTS' president and fellow board member, Kyung Soon Kim, and his wife Sook Hee Kim . . . . [Appellants] claim, [Appellees] have misappropriated the loaned money and have not paid [Appellants] back as promised.

[Appellants] filed an underlying claim for money damages but also a motion seeking a preliminary injunction against [Appellees]. [Appellants] sought to have [Appellees] (1) turn over to [Appellants] all GMTS bank accounts, funds, and student tuition money; (2) provide [Appellants] with a full accounting of tuition receipts and expenses incurred by [Appellees] on behalf of GMTS; (3) turn over to [Appellants] all GMTS computer system identifications and passwords; and (4) stay away from GMTS facilities. Hearings were held in this matter on four separate dates, and, on June 14, 2013, this Court denied [Appellants'] motion for a preliminary injunction. [Appellants] now appeal from that denial.

[Appellants'] claims are not clear, and the evidence presented at the preliminary injunction hearings was inconclusive. Furthermore, there is no immediate irreparable harm to [Appellants] as a result of actions taken by [Appellees] in and through an entity which [Appellants] never owned or had any controlling interest. Accordingly, a preliminary injunction was not warranted.

Trial Court Opinion, 9/25/13, at 1-2.

Subsequently, on December 18, 2013, during the pendency of this appeal and after their appellate brief was due to be filed, *pro se* Appellants filed a "Motion for Stay" with this Court alleging that they "filed a similar case with federal court in the Eastern District of Pennsylvania on October 31, 2013." Motion for Stay, 12/18/13, at 1. In their motion to stay, Appellants alleged that (1) the federal court had pendent jurisdiction, and (2) that

perjury and fraud transpired in the lower court. *Id*. In conclusion, Appellants requested that this Court hold the decision in this matter "until the federal court makes a ruling regarding pendent jurisdiction." *Id*.

In their response dated January 14, 2014, and filed on January 16, 2014, Appellees pointed out that, "[a]ccording to the Superior Court Briefing Schedule for this appeal, the Appellants were required to file their brief in support of their appeal on November 12, 2013. The Appellants failed to file their Brief on the due date, and, almost two months later, still have not filed a brief." Appellees' Response, 1/16/14, at 1. Appellees offered the following conclusion, "[T]he Motion for Stay is moot, and the Appellants['] appeal should be, if it is not already so, dismissed with prejudice." *Id*.

Also on January 14, 2014, this Court issued a *per curiam* order that denied Appellants' motion to stay and extended the period in which they could file their appellate brief.[2] Order, 1/14/14, at 1. Appellants filed their brief with this Court on February 11, 2014.[3]

---

[2] The complete text of this Court's *per curiam* order of January 14, 2014, provides as follows:

> Appellants' motion for stay, is **DENIED**. Appellants have not successfully demonstrated the satisfaction of the requirements for issuance of a stay as set forth in ***Pa. Public Utility Cmm'n v. Process Gas Consumers Group***, 467 A.2d 805 (Pa. 1983), i.e. (1) they are likely to prevail on the merits of this appeal; (2) without the requested relief, they will suffer irreparable injury; (3) the issuance of a stay will not

Appellants purport to raise the following issues for our review:

1. When there is a federal claim which is closely related to a state law claim, does the federal court have pendent jurisdiction over the state claim to encourage both "economy in litigation" and "fairness" by eliminating the need for separate federal and state trials hearing essentially the same facts yet potentially reaching opposite conclusions?

2. Are Appellants entitled to a Stay of state court proceedings due to pendent jurisdiction in federal claims?

Appellants' Brief at 4.

---

substantially harm other interested parties; and (4) the issuance of a stay will not adversely affect the public interest.

Appellants' brief and reproduced record were due to be filed on or before November 12, 2013. ***See Pa.R.A.P. 1972*** (unless otherwise ordered by the appellate court, a motion under this rule shall not relieve any party of the duty of filing his or her briefs and reproduced records within the time otherwise prescribed therefor). Accordingly, appellants are directed to file their brief and reproduced record within 30 days of the date of this order. No further extensions will be granted.

[3] On March 11, 2014, Appellees filed a "motion to quash or dismiss appeal." On April 1, 2014, Appellants filed their *pro se* "brief in opposition to motion to squash [sic] or dismiss appeal . . . ." On April 14, 2014, this Court entered a *per curiam* order that deferred disposition on Appellees' motion to quash or dismiss until review by a merits panel. The full text of our order dated April 14, 2014, provides as follows:

Disposition of [A]ppellees' motion to quash or dismiss this appeal, is hereby deferred to the panel that will decide the merits of this appeal. Appellee's [sic] brief shall be filed within 30 days of the date of this order.

For the reasons set forth in this memorandum, we deny Appellees' motion to quash as moot.

Initially, we observe that appellate briefs must materially conform to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. Chapter 21. Pennsylvania Rule of Appellate Procedure 2111 provides specific guidelines regarding the content of an appellant's brief. In addition, Pa.R.A.P. 2114 through 2119 specify in greater detail the material to be included in briefs on appeal.

More specifically, Pa.R.A.P. 2116 addresses the statement of questions involved and provides, in pertinent part, as follows:

**Rule 2116. Statement of Questions Involved**

  **(a) General rule.** The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. **No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby**. . . .

Pa.R.A.P. 2116(a) (emphasis added). Furthermore, we have long stated that our Court's review is limited to addressing only the order that Appellants designated in their notice of appeal, which in this case is the order of June 14, 2013. *See Commonwealth v. Hottinger*, 537 A.2d 1, 2 (Pa. Super. 1987) (observing that the appellant could address no other issues in the appeal except those pertaining to the order on appeal).

We recognize that Appellants are acting *pro se*. However, their status as *pro se* litigants does not relieve them of their responsibility to conform to

the applicable rules. *See Laird v. Ely & Bernard*, 528 A.2d 1379 (Pa. Super. 1987) (quashing *pro se* appeal where defects in the appellant's *pro se* brief were so substantial that meaningful review was not possible). In *First Union Mortgage Corp. v. Frempong*, 744 A.2d 327 (Pa. Super. 1999), we stated the following:

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because he lacks legal training. As our supreme court has explained, "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing."
>
> *O'Neill v. Checker Motors Corp.*, . . . 567 A.2d 680, 682 (Pa. Super. 1989) (citations omitted). Appellant has chosen to proceed *pro se* and he cannot expect our court to act as his attorney. *See Commonwealth v. Sanford*, . . . 445 A.2d 149, 150 (Pa. Super. 1982) ("We decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.").

*First Union Mortgage Corp.*, 744 A.2d at 337-338.

Our review of the certified record before us on appeal reflects that Appellants have initiated this appeal from the trial court order dated June 14, 2013, which denied Appellants' motion for special injunction, a temporary restraining order, and a preliminary injunction. However, a careful review of Appellants' statement of questions involved reveals that none of the issues presented in their Rule 2116 statement of questions

involved addresses the order dated June 14, 2013, from which this appeal lies. Appellants' Brief at 4. Any issue not raised in the statement of questions is waived. Pa.R.A.P. 2116(a). As such, Appellants have waived any challenge to the trial court's determination that is the subject of this appeal. *Hottinger*, 537 A.2d at 2. Thus, because there are no issues before us pertaining to the order properly on appeal, we are constrained to affirm the order of the court of common pleas.

Motion to quash denied. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/2014