J-S66026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SANDY LEE PHILLIPPY, | : | |
| | : | |
| Appellant | : | No. 806 MDA 2014 |

Appeal from the Judgment of Sentence Entered April 2, 2014,
In the Court of Common Pleas of Schuylkill County,
Criminal Division, at No. CP-54-SA-0000024-2014.

BEFORE: BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED OCTOBER 21, 2014**

Appellant, Sandy Lee Phillippy,[1] appeals from the judgment of sentence entered following her summary conviction of harassment. We quash.

The trial court summarized the facts of this case as follows:

> [Appellant] and her deceased husband, Jeff, were friends with Joanne Wenrich ("[the Victim]") and her husband, Tim Wenrich. [Appellant] and her husband had a Yorkshire Terrier named "Jade". Commonwealth Exhibit No. 2[,] which is a hand-written letter from [Appellant] to the Victim and her husband dated September 22, 2013, confirming that [Appellant] and her deceased husband had given Jade to the Wenrichs as a gift because [of Appellant's] and her then living husband's inability to care for the dog. Later, beginning on December 2, 2013, [Appellant] sent Commonwealth Exhibit No. 1 to both Wenrichs. The same is self-explanatory, and acknowledges that the dog is owned by the Wenrichs. Afterwards, [Appellant] claimed she

---

[1] We note that throughout the certified record before this Court, Appellant's last name is spelled either Phillippy or Phillip.

had a right to visit the Victim to see Jade. Albeit, in Commonwealth Exhibit No. 1, [Appellant] concludes the letter by stating: "I did not shoot my late husband, Jeffrey Phillipy, like you both said I did."

In addition to submitting Commonwealth Exhibits 1 and 2, the Commonwealth also submitted Exhibit No. 3 which are photographs of some of the text messages at issue sent by the Victim and [Appellant]. The initial text message was sent from the Victim to [Appellant] stating: "Don't try contacting me." This text was sent by the Victim to [Appellant] after the Victim had attempted to contact [Appellant] via telephone and left a recorded message for [Appellant] indicating the Victim's desire not to have any contact with [Appellant]. The remaining four photographs of Exhibit 3 are photocopies of [Appellant's] response to the Victim's aforementioned text. The Commonwealth introduced testimony of the Victim and Corporal Christopher Cruz ("Cruz") of the Pine Grove Borough Police Department who had been with the Pine Grove Police Department for three (3) years while also being employed part-time with two other County police departments; namely, Hegins Township and Tamaqua Borough.

The Victim testified that she had left a recorded message on [Appellant's] cell phone and sent a text message to [Appellant] that the Victim desired not to have any contact with [Appellant], that [Appellant] then began sending twelve (12) to fifteen (15) text messages over seven to eight days to the Victim in which [Appellant] stated among other things: "Pot calling the kettle black. I did not shoot my husband as you two say I did. What's Tim's disability for? Is it for his back? Well, I have evidence." Thereafter, the Victim reported this course of conduct to Cruz. The Victim texted [Appellant] to stop that she wanted no further contact, but [Appellant] persisted. The text messages were about [Appellant's] desire to see Jade at the Victim's house, but [Appellant] continued to text that [Appellant] didn't kill her husband and that the Wenrichs accused [Appellant] of shooting her deceased husband. The text messages continued until the day of the hearing before the Magisterial District Judge (MDJ) after Cruz had filed the instant charges with the MDJ. They continued for a period of seven (7) to eight (8) days, thereby alarming the Victim because of the

allegations about the Victim making statements about [Appellant's] deceased husband and the personal claims of having evidence against the Victim's husband for disability. Cruz's testimony confirmed and substantiates the Victim's testimony.

Trial Court Opinion, 6/25/14, at 3-5.

We summarize the relevant procedural history of this case as follows. On April 2, 2014, following a *de novo* trial, Appellant was convicted of the summary offense of harassment and was sentenced to pay the fines and costs of prosecution as had been previously set forth by the magisterial district judge. On May 5, 2014, Appellant filed this appeal.

On May 5, 2014, the trial court entered an order directing Appellant to file a statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) within twenty-five days. Appellant filed her Pa.R.A.P. 1925(b) statement on May 15, 2014. On June 25, 2014, the trial court filed its opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following issues in her appellate brief for our review, which we reproduce *verbatim*:

a. On appeal is the Final Order of the Honorable Judge Charles M. Miller whom on April 2, 2014, found the Appellant Guilty of Harassment Pa. C.S. § 2709 (a) (3), after a summary trial was held?

b. Whether the Commonwealth has failed to establish beyond a reasonable doubt the elements necessary to sustain a conviction under Pa. C. S. § 2709 (a) (3)?

c. The appeal also challenges the sufficiency of the evidence proffered by the Commonwealth to sustain a conviction of Harassment.

Appellant's Brief at 3.

Before we review the issues presented by Appellant, we must address the timeliness of this appeal because it appears that Appellant filed her notice of appeal beyond the period permitted by law. The question of timeliness of an appeal is jurisdictional. *Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000). Time limitations on appeal periods are strictly construed and cannot be extended as a matter of grace. *Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa. Super. 2002) (citing *Commonwealth v. Hottinger*, 537 A.2d 1, 3 (Pa. Super. 1987)). *See also* Pa.R.A.P. 105(b) (stating that, although an appellate court may enlarge the time prescribed in the rules of appellate procedure for good cause shown, the court may not enlarge the time for filing a notice of appeal).

The time limit for the filing of challenges to a judgment of sentence is set out in the Judicial Code as follows:

**§ 5571. Appeals generally**

**(a) General rule.—**The time for filing an appeal, a petition for allowance of appeal, a petition for permission to appeal or a petition for review of a quasi-judicial order, in the Supreme Court, the Superior Court or the Commonwealth Court **shall be governed by general rules**. No other provision of this subchapter shall be applicable to matters subject to this subsection.

J-S66026-14

42 Pa.C.S. § 5571(a) (emphasis added).

The relevant Rules of Appellate Procedure promulgated by the Pennsylvania Supreme Court provide as follows:

**Rule 902.  Manner of Taking Appeal**

**An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal).**  Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Pa.R.A.P. 902 (emphasis added).

**Rule 903.  Time for Appeal**

**(a) General Rule.**  Except as otherwise prescribed by this rule, **the notice of appeal** required by Rule 902 (manner of taking appeal) **shall be filed within 30 days after the entry of the order from which the appeal is taken.**

Pa.R.A.P. 903(a) (emphasis added).

**Rule 905.  Filing of Notice of Appeal**

**(a) Filing with clerk.**

(1) **Two copies of the notice of appeal**, the order for transcript, if any, and the proof of service required by Rule 906 (service of notice of appeal), **shall be filed with the clerk of the trial court**. . . .

* * *

-5-

(4) **If a notice of appeal is mistakenly filed in an appellate court, or is otherwise filed in an incorrect office within the unified judicial system, the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from**, **and** upon payment of an additional filing fee **the notice of appeal shall be deemed filed in the trial court on the date originally filed.**

Pa.R.A.P. 905(a)(1), (4) (emphasis added).

In addition, we are mindful that Rule 720(D) of the Pennsylvania Rules of Criminal Procedure addresses post-sentence procedures in summary appeals and provides that "[t]he imposition of sentence immediately following a determination of guilt at the conclusion of the trial *de novo* shall constitute a final order for purposes of appeal." The Comment to Rule 720(D) further instructs that "[t]he time for appeal in summary cases following a trial *de novo* runs from the imposition of sentence."

Our review of the certified record in this matter reflects the trial court held a *de novo* hearing on April 2, 2014. At the conclusion of the hearing, the trial court entered a verdict of guilty on the summary offense of harassment and sentenced Appellant. N.T., 4/2/14, at 40. In addition, the trial court entered judgment of sentence *via* an order dated and docketed on April 2, 2014. Certified Record Entry 5. Therefore, pursuant to Pa.R.A.P. 903(a), in order to be timely Appellant's notice of appeal from the judgment of sentence should have been filed on or before Friday, May 2, 2014. However, the docket in the certified record indicates Appellant's notice of

appeal was filed on May 5, 2014. Accordingly, Appellant's notice of appeal was filed late. Therefore, this appeal is patently untimely.

Moreover, our further review of the record reflects that, rather than properly filing the notice of appeal with the clerk of the lower court as directed under Pa.R.A.P. 902, Appellant's notice of appeal was erroneously sent to the office of the Superior Court Prothonotary in Harrisburg and received on May 5, 2014, which was beyond the thirty-day appeal period. Certified Record Entry 8. Also on May 5, 2014, the Superior Court Prothonotary transmitted the erroneously filed notice of appeal to the Schuylkill County Clerk of Courts, along with a letter containing the following notation:

> PA.R.A.P. 905 Erroneous Filing (Received in Superior Court of Pennsylvania on 5/5/14). Counsel for appellant mailed the appeal directly to Superior Court, but should have mailed it to your office first.

Letter, 5/5/14, at 1. Certified Record Entry 8. Hence, there is no doubt that the notice of appeal was not properly filed on or before May 2, 2014, the last day of the appeal period.

Because the notice of appeal filed by Appellant on May 5, 2014, was untimely, we are without jurisdiction to entertain this matter. Thus, we are constrained to quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2014