J-S67006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMONT JOHNSON | : | |
| | : | |
| Appellant | : | No. 779 EDA 2017 |

Appeal from the Judgment of Sentence January 23, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0008104-2014

BEFORE: OTT, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.: **FILED SEPTEMBER 10, 2019**

Lamont Johnson appeals from the judgment of sentence imposed on January 23, 2017, in the Court of Common Pleas of Delaware County. On appeal, Johnson challenges the refusal of the trial court to discharge two potential jurors for cause. However, because this appeal is untimely filed, we have no jurisdiction, and must quash.

On December 1, 2016, a jury found Johnson guilty of two drug charges. On January 23, 2017, the trial court subsequently sentenced him to an

_____

* Retired Senior Judge assigned to the Superior Court.

aggregate term of 70 to 140 months' imprisonment. In late February 2017, Johnson, acting *pro se*, filed a notice of appeal.[1]

After multiple changes of counsel, on June 21, 2017, this Court ordered Johnson, for the fourth time, to show cause as to why we should not quash this appeal as untimely filed. Johnson filed a response on July 21, 2017. On October 2, 2017, this Court discharged the rule to show cause. Subsequently, on April 8, 2019, this Court remanded the case to the trial court for an evidentiary hearing with respect to the timeliness issue.

An evidentiary hearing took place on May 23, 2019, and the trial court held oral argument regarding the matter on July 22, 2019. On August 2, 2019, the court issued a supplemental opinion finding that Johnson had not filed a timely notice of appeal. Trial Court Opinion, 8/2/2019, at 6.

Prior to addressing the merits of Johnson's claims, we must determine if this appeal was timely filed, since our jurisdiction is dependent upon the filing of a timely notice of appeal. ***Commonwealth v. Nahavandian***, 954 A.2d 625, 629 (Pa. Super. 2008).

The Commonwealth contends we should quash the instant appeal as untimely because Johnson's 30-day appeal period from the sentence imposed expired on February 22, 2017, and Johnson did not file his *pro se* notice of

---

[1] In ***Commonwealth v. Williams***, 151 A.3d 621 (Pa. Super. 2016), a panel of this Court held that we are required to docket and honor *pro se* notices of appeal filed by represented criminal defendants.

appeal until February 24, 2017. *See* Pa.R.A.P. 903(a). Johnson, however, takes the position that he signed his notice of appeal on February 22, 2017, and, therefore, is entitled to use that date as the date of filing pursuant to the "prisoner mailbox rule."

Under the "prisoner mailbox rule," we deem a *pro se* prisoner's document filed on the date he delivers it to prison authorities for mailing. ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997). ***See also Commonwealth v. Cooper***, 710 A.2d 76, 78 (Pa. Super. 1998) ("[F]or prisoners proceeding *pro se*, a notice is deemed filed as of the date it is deposited in the prison mail system.").

Based on our review of the record, the arguments presented by Johnson, and the relevant case law and statutes, we conclude Johnson did not timely file his notice of appeal. Furthermore, we adopt the trial court's thorough and well-reasoned supplemental opinion as dispositive of the timeliness issue. ***See*** Trial Court Opinion, 8/2/2019, at 1-7 (finding that: (1) thirty days after the date of sentencing was February 22, 2017; (2) Johnson wrote that date on his notice of appeal but did not testify that was the date he actually signed the notice of appeal; (3) the envelope containing the notice of appeal is dated February 24, 2017; (4) Johnson did not remember when he gave the notice of appeal to prison officials for mailing; and (5) Johnson was unable to provide any documentary proof of when he gave his notice of appeal to prison officials for mailing.). Accordingly, we conclude Johnson has not overcome his burden

in demonstrating that he timely filed his notice of appeal. Therefore, we are constrained to quash the appeal. **See Commonwealth v. Wrecks**, 931 A.2d 717, 720 (Pa. Super. 2007) ("This Court does not have jurisdiction to hear an untimely appeal.").

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/19

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, COMMONWEALTH OF PENNSYLVANIA - CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : SUPERIOR COURT NO:
: 779 EDA 2017
:
v. :
:
:
:
LAMONT JOHNSON : DELAWARE COUNTY NO.
: CP-23-CR-0008104-2014

William Toal, Esquire, Attorney for the Commonwealth
Robert Schwartz, Esquire, Attorney for the Defendant

## SUPPLEMENTAL OPINION

CAPPELLI, J.             **August 2, 2019**

AND NOW, this 2d day of August 2019, following a May 23, 2019 hearing held via video conference, and July 22, 2019 argument presented via video conference, the court enters the following:

## I. FINDINGS OF FACT

1. On April 8, 2019, the Superior Court of Pennsylvania[1] remanded this matter to this Court for a hearing to determine whether Appellant, Lamont Johnson,

---

[1] *See* April 8, 2019 Memorandum/Non-Precedential Decision by Ott, J at pp. 1 and 4.

timely delivered his *pro se* notice of appeal to prison authorities.

2. Appellant was convicted on December 1, 2016 of possession with intent to deliver cocaine (ungraded felony) and possession of drug paraphernalia (ungraded misdemeanor).[2]

3. Appellant was sentenced on January 23, 2017 to serve a term of total confinement of seventy (70) to one hundred forty (140) months in a state correctional facility for the possession with intent to deliver cocaine conviction.[3]

4. Appellant did not file post-sentence motions.

5. Thirty days after the date of sentencing was February 22, 2017.

6. Appellant's *Pro Se* Notice of Appeal was filed and time-stamped in the Office of Judicial Support on February 27, 2017.

7. The record in this case contains a copy of the envelope in which the prison mailed the notice of appeal; said envelope is dated February 24, 2017, after the 30-day appeal period expired. *See* April 8, 2019 Memorandum/Non-Precedential Decision at p. 4.

---

[2] Appellant was convicted following a Jury Trial conducted from November 29, 2016 through December 1, 2016.

[3] Appellant was given credit for time served from December 5, 2014 through January 23, 2017. For the possession of drug paraphernalia conviction, Appellant was sentenced to serve a term of total confinement of 6 to 12 months in a state correctional facility (concurrent with the possession with intent to deliver cocaine conviction) followed by a 5 year term of state probation to run consecutive to Appellant's parole.

2

8. The record in this case does not include a prison cash slip. *Id.*

9. Appellant's *Pro Se* Notice of Appeal and Proof of Service each include a hand-written date of February 22, 2017. *Id.*

10. Appellant participated in the May 23, 2019 evidentiary hearing and July 22, 2019 argument via video conference from SCI Houtzdale.

11. At the start of the May 23, 2019 evidentiary hearing, the attorney for the Commonwealth explained the reason for the proceeding, specifically "to address whether the Appellant has met the requirements of the Mailbox Rule concerning the timeliness" of his Notice of Appeal. (*See* 5/23/2019 NT at p. 3).

12. Appellant swore he would truthfully offer testimony concerning the filing of his *Pro Se* Notice of Appeal. (*Id.* at p. 4).

13. During the evidentiary hearing, the court defined the specific issue to be addressed at the hearing concerned the "Prisoner Mailbox Rule" and whether Appellant satisfied the requirements of the Prisoner Mailbox in the filing of his *Pro Se* Notice of Appeal. (*Id.* at pp. 5-6).

14. Appellant testified he remembers writing the date February 22, 2017 on the *Pro Se* Notice of Appeal. (*Id.* at p. 8).

15. Appellant testified when he wrote February 22, 2017 on the *Pro Se* Notice of Appeal, he stuck it in the mailbox for "that night, that evening." (*Id.* at p. 8).

16. Defendant did not testify that February 22, 2017 was the same day he wrote February 22, 2017 on the *Pro Se* Notice of Appeal.

17. Appellant did not produce a receipt, cash slip, or any documentation, nor did Appellant testify that he had possession of said items, to substantiate the claim his *Pro Se* Notice of Appeal was placed in the prison mailbox or otherwise mailed from the prison before the 30-day appeal period expired.

18. Appellant testified he did not have a receipt indicating the date he placed his *Pro Se* Notice of Appeal into the Prisoner Mailbox; he testified, "Now if I had known I needed a receipt, I would have got a receipt, but I didn't know." (*Id.* at p. 7).

19. In response to the question whether Appellant could approximate exactly when he stuck the *Pro Se* Notice of Appeal in the Mailbox, Appellant testified, "The exact, no, not the exact date, no I don't" and "Yeah, I don't know exactly the date at Graterford, no, I don't... ." (*Id.* at pp. 8-9).

20. Defendant did not offer documentary evidence or testimony directly indicating when the *Pro Se* Notice of Appeal was actually placed with the prison authorities.

## II. CONCLUSIONS OF LAW

1. The Superior Court of Pennsylvania retained jurisdiction over this case, but remanded it to this Court for proceedings consistent with its April 8, 2019

4

Memorandum/Non-Precedential Decision.

2. If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of the imposition of sentence. Pa.R.Crim.P. 720(A)(3). A notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken. Pa.R.App.P. 903(a). Appellant's judgment of sentence was Monday, January 23, 2017, and therefore, the deadline for filing a notice of appeal was Wednesday, February 22, 2017.

3. Time limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace. *Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa.Super. 2002) (citing *Commonwealth v. Hottinger*, 370 Pa. Super. 527, 531, 537 A.2d 1, 3 (1987) *appeal denied,* 520 Pa. 614, 554 A.2d 507 (1988)).

4. The defendant bears the burden of proof concerning the timeliness of the appeal. *See Smith v. Pennsylvania Board of Probation and Parole,* 546 Pa. 115, 122, 683 A.2d 278, 282 (1996).

5. Under the "prisoner mailbox rule," a *pro se* appeal by a prisoner is deemed filed as of the date it is delivered to prison authorities or placed in the institutional mailbox. *Smith, supra* at 122, 682 A.2d at 281. *See Commonwealth v. Jones,* 700 A.2d 423, 426 (Pa. 1997) (extending prisoner mailbox rule to all *pro se* prisoners; prisoner bears the burden of proving he

5

or she delivered the notice to prison authorities within the 30-day appeal period) and *Commonwealth v. Cooper*, 710 A. 2d 76, 78 (Pa. Super. 1998) ("[F]or prisoners proceeding *pro se*, a notice is deemed filed as of the date it is deposited in the prison mail system").

6. To satisfy the the "prisoner mailbox rule", the courts generally "accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities... ." *Commonwealth v. Jones*, 549 Pa. 58, 63, 700 A.2d 423, 426 (1997).

7. The date of signature is not dispositive of the issue when Appellant gave the documents to prison officials or deposited documents in the prison mail system. *See* April 8, 2017 Memorandum/Non-Precedential Decision at p. 2.

8. A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, *as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the pro se filing with the prison authorities*. Pa.R.A.P. 121(a) (italics added).

9. In the absence of any documentation, receipt, cash slip, or other reasonable verifiable evidence of the date Appellant placed his *Pro Se* Notice of Appeal with the prison authorities, the said Notice of Appeal was not timely filed.

6

Appellant's Judgment of Sentence should be affirmed.

BY THE COURT:

_____
RICHARD M. CAPPELLI, J.

7