J-S02007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERNESTO LEON | : | |
| | : | |
| Appellant | : | No. 1382 EDA 2020 |

Appeal from the PCRA Order Entered October 29, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0000164-2009

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                    Filed: March 25, 2021

Appellant, Ernesto Leon, appeals *pro se* from the October 29, 2019 order dismissing his "Motion to Vacate Fine on Grounds of Indigency," which the trial court construed as a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After review, we are compelled to quash this appeal.

Briefly, on September 8, 2009, Appellant pled guilty to driving under the influence (DUI), his second such offense.  He was sentenced to 60 months' intermediate punishment, with "the first 7 days in Northampton County Prison, the subsequent 23 days on house arrest with electronic monitoring, and the remaining 59 months on probationary supervision."  Trial Court Opinion (TCO), 7/20/20, at 1.  Appellant was also ordered to pay $5,533.75 in fines and costs.

While Appellant was serving his DUI sentence, he was arrested and charged with possession with intent to deliver.  He pled guilty to that offense

on December 22, 2010, and was sentenced to 5 to 10 years' incarceration. In light of this new sentence of incarceration, the trial court terminated Appellant's intermediate-punishment sentence for his DUI conviction, but directed that he pay the remaining balance of his fines and costs, which totaled $4,533.75. **See id.** at 2.

On August 8, 2019, Appellant filed a *pro se* "Motion to Vacate Fine on the Grounds of Indigency." **Id.** The trial court treated this filing as a PCRA petition and appointed counsel, who subsequently filed a **Turner/Finley**[1] "no-merit" letter and petition to withdraw. **Id.** On October 3, 2019, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing on the basis that it was untimely. The court also granted counsel's petition to withdraw.

Appellant did not respond to the court's Rule 907 notice. On October 29, 2019, the court entered an order dismissing Appellant's petition. Notably, the court's order informed Appellant that he had the right to appeal, and that "[t]he appeal must be filed within thirty (30) days of the date of this [o]rder, or the appeal right will be lost." Trial Court Order, 10/29/19, at 1 (single page); **see also** Pa.R.A.P. 903 ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal."). The

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

certified record indicates that the court's order was served on Appellant by first class mail on October 30, 2019.

Appellant did not file his *pro se* notice of appeal until nearly eight months later, on July 13, 2020. Consequently, on September 21, 2020, this Court issued a rule to show cause why his appeal should not be quashed as untimely. While Appellant filed a *pro se* response, he failed to offer any explanation for the untimeliness of his appeal. Instead, he argued that we should grant his request to vacate the fines and costs imposed for his DUI conviction due to his indigency, so that he may have his driver's license restored. **See** Response to Rule to Show Cause, 8/8/20, at 1-2 (unnumbered). On December 7, 2020, this Court referred the issue of the timeliness of Appellant's appeal to this merits panel. Appellant thereafter filed his *pro se* brief.[2]

Appellant's untimely appeal must be quashed. The question of timeliness of an appeal is jurisdictional. **See Commonwealth v. Moir**, 766 A.2d 1253, 1254 (Pa. Super. 2000). Time limitations on appeal periods are strictly construed, and cannot be extended as a matter of grace. **See Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002) (citing **Commonwealth v. Hottinger**, 537 A.2d 1, 3 (Pa. Super. 1987)). **See also** Pa.R.A.P. 105(b) (stating that, although an appellate court

---

[2] We note that Appellant's brief wholly fails to comply with the Rules of Appellate Procedure, as he does not include, *inter alia*, a Statement of Jurisdiction (Pa.R.A.P. 2114), Order or Other Determination in Question (Pa.R.A.P. 2115), Statement of Questions Involved (Pa.R.A.P. 2116), Statement of the Case (Pa.R.A.P. 2117), or Summary of the Argument (Pa.R.A.P. 2118).

may enlarge the time prescribed in the rules of appellate procedure for good cause shown, the court may not enlarge the time for filing a notice of appeal). Here, Appellant was informed in the trial court's October 29, 2019 order that he had 30 days to file a notice of appeal, yet he did not file his appeal until July 13, 2020. Clearly, Appellant's appeal is untimely, and we are without jurisdiction to consider it.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/21