J-S60004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
THOMAS E. DEPRIMO :
:
Appellant : No. 622 MDA 2018

Appeal from the PCRA Order February 27, 2018
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0002705-2013

BEFORE:   SHOGAN, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.:                 **FILED: NOVEMBER 8, 2018**

Thomas E. Deprimo ("Appellant") appeals *pro se* from the order denying

his petition for collateral relief filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

The PCRA court provided the history of this appeal as follows:

> On January 17, 2014, [Appellant] pled guilty to one count
> of failure to provide accurate registration information.   The
> charges arose between October 24, 2013 and November 19, 2013,
> when [Appellant] failed to give the Pennsylvania State Police a
> valid address even though he had moved and was subject to
> registration requirements under Megan's Law.[1]  [Appellant] was

---

[1] Based on charges filed in 2010, Appellant entered a guilty plea on October
19, 2011, to one count of dissemination of photographs/films of child sex acts
and  one  count  of  child  pornography.    18  Pa.C.S.  §  6312(c)(1),  (d),
respectively.  The trial court sentenced Appellant to incarceration for six to
twenty-three months on each count.  As a result of these two convictions,
Appellant  was  subject  to  lifetime  registration  under  Megan's  Law  III.   42

---

*   Retired Senior Judge assigned to the Superior Court.

sentenced to [incarceration for] three to six years [on January 17, 2014].

On August 18, 2017, [Appellant] filed a [PCRA petition]. Kurt Lynott, Esq. was appointed to represent [Appellant]. On November 20, 2017, Mr. Lynott filed a Motion to Withdraw as Counsel Pursuant to a Turner-Finley[2] Letter. On January 23, 2018, this court granted Mr. Lynott's Motion to Withdraw, and issued a Notice of Intent to Dismiss the PCRA petition [pursuant to Pa.R.Crim.P. 907]. On February 27, 2018, this court dismissed the petition.

PCRA Court Opinion, 6/14/18, at 1. This appeal followed. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

As a prefatory matter, the Commonwealth argues that this appeal is untimely because Appellant filed his notice of appeal late. Commonwealth's Brief at 3.[3] The question of timeliness of an appeal is jurisdictional. *Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000). Time limitations on appeal periods are strictly construed and cannot be extended as a matter of grace. *Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa. Super. 2002) (citing *Commonwealth v. Hottinger*, 537 A.2d 1, 3 (Pa.

_____

Pa.C.S. § 9751.1(b)(1); *accord Commonwealth v. Merolla*, 909 A.2d 337(Pa. Super. 2006) (holding that multiple "convictions" of Tier I offenses are subject to lifetime registration).

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

[3] Appellant applied for an extension of time in which to file a reply brief. Application for Extension of Time, 9/18/18. We granted Appellant's request, directing that he file his reply brief by October 5, 2018. Order, 9/25/18. Appellant complied with our Order.

Super. 1987)). *See also* Pa.R.A.P. 105(b) (stating that, although an appellate court may enlarge the time prescribed in the rules of appellate procedure for good cause shown, the court may not enlarge the time for filing a notice of appeal).

The relevant rule of appellate procedure promulgated by the Pennsylvania Supreme Court is as follows:

**Rule 903. Time for Appeal**

**(a) General Rule.** Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) **shall be filed within 30 days after the entry of the order from which the appeal is taken.** . . .

Pa.R.A.P. 903(a) (emphasis added).

Here, the PCRA court entered an order on January 23, 2018, granting counsel's motion to withdraw and providing notice of intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. Appellant did not file a response. The PCRA court then entered an order dismissing Appellant's petition on February 27, 2018. Appellant filed a *pro se* notice of appeal on April 10, 2018, more than thirty days after entry of the PCRA order.

This Court issued a rule to show cause whether Appellant's appeal should be quashed as untimely; Appellant was required to file a response within ten days of the filing date of our order. Order, 6/7/18. In a timely response dated June 16, 2018, Appellant claimed he was procedurally barred from filing an appeal "due to government interference." Response to Rule to Show Cause, 6/21/18, at 1. According to Appellant, he was detained in

administrative custody from February 3, 2018, until March 21, 2018. Upon his release to the general prison population, Appellant sent a letter and a document entitled, "Appealing the: Memorandum and Notice of Intent to Dismiss," to the trial court of Lackawanna County dated March 25, 2018, explaining his prior inability to mail his appeal. *Id.* at Exhibit B. The trial court entered an order on April 4, 2018, instructing that the letter and document be filed in the Office of the Clerk of Judicial Records and directing Appellant to file a Concise Statement of Errors Complained of on Appeal within twenty-one days pursuant to Pa.R.A.P. 1925(b). *Id.* at Exhibit C.[4] On April 10, 2018, Appellant filed a *pro se* appeal in this Court.

Upon review, we decline to quash this appeal as untimely. Pursuant to Pa.R.Crim.P. 114(c)(2)(c), "docket entries shall contain . . . the date of service of the order or court notice." Here, the docket contains no indication that the clerk furnished a copy of the February 27, 2018 order dismissing Appellant's PCRA petition to Appellant. Thus, we conclude the period for taking an appeal was not triggered, so the appeal is considered timely.[5] **Accord Commonwealth v. Jerman**, 762 A.2d 366 (Pa. Super. 2000) (where docket entries contain no indication that clerk furnished copy of order to appellant, appeal was considered timely).

---

[4] We discuss below the trial court's acceptance of Appellant's *pro se* filing as a Rule 1925(b) statement.

[5] Thus, we need not address Appellant's government interference claim.

- 4 -

Additionally, the PCRA court purportedly accepted Appellant's March 25, 2018 letter as a timely notice of appeal because it directed Appellant to file a Concise Statement of Errors Complained of on Appeal within twenty-one days pursuant to Pa.R.A.P. 1925(b). Order, 4/4/18. Moreover, the PCRA court indicates that Appellant filed a Rule 1925(b) statement on April 19, 2018, although the docket indicates that Appellant filed a Rule 1925(b) statement, dated May 29, 2018, on June 4, 2018. PCRA Court Opinion, 6/14/18, at 1–2; Docket Entry No. 22. Ostensibly, the trial court treated the document attached to Appellant's March 25, 2018 letter as a timely Rule 1925(b) statement. In the interest of justice, we shall address Appellant's appeal.

Appellant presents two questions for our consideration:

1.) Did the Court of Common Pleas commit legal error when it dismissed Petitioner's P.C.R.A. which requested relief in accordance to the Pa. Supreme Court's ruling in *Commonwealth v. Muniz*, 135 A.3d 178 (Pa. 2017), in that the application of SORNA was unconstitutional in regards to his underlying conviction as it pre-dates December 12, 2012?

2.) Was the appointed P.C.R.A. counsel, Kurt Lynott grossly ineffective for filing a Turner Finley letter in the instant appeal where Petitioner's underlying offense pre-dates SORNA and his punishment was indeed increased contrary to the ruling of the Pa. Supreme Court in Muniz, supra?

Appellant's Brief at 4 (*verbatim*).

Appellant complains that the PCRA court erred in dismissing his petition and allowing counsel to withdraw. Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and

- 5 -

whether the PCRA court's determination is free of legal error. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id.***

Here, the PCRA court dismissed Appellant's petition as untimely. We discern no error.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Hernandez***, 79 A.3d at 651. A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Appellant's judgment of sentence became final on February 16, 2014, thirty days after the time for filing a direct appeal expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Therefore, Appellant had to file a PCRA petition by February 16, 2015, in order for it to be timely. Appellant filed the instant PCRA petition on August 18, 2017. Accordingly, Appellant's petition is patently untimely.

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to

the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[6] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under Section 9545(b)(2). ***Commonwealth v. Ward-Green***, 141 A.3d 527, 532 (Pa. Super. 2016). This is true despite the fact that Appellant's petition presents a challenge to the legality of his sentence. ***See Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

---

[6] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Here, although Appellant has not pled a timeliness exception, his reliance on **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), suggests that he is attempting to assert the exception provided in Section 9545(b)(1)(iii) for a newly recognized constitutional right. Nonetheless, like the PCRA court, we conclude that Appellant's petition is untimely. Appellant's Brief at 11.

Our Supreme Court has explained that:

Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively.

**Commonwealth v. Copenhefer**, 941 A.2d 646, 649 (Pa. 2007).

We acknowledge that **Muniz** created a substantive rule that applies in the collateral context. **Commonwealth v. Rivera–Figueroa**, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in **Rivera–Figueroa**), he must demonstrate that the Pennsylvania Supreme Court has held that **Muniz** established a newly recognized constitutional right that applies retroactively in order to satisfy Section 9545(b)(1)(iii). **See Commonwealth v. Murphy**, 180 A.3d 402, 405–406 (Pa. Super. 2018) (explaining that appellant who files untimely petition must demonstrate that the Pennsylvania Supreme Court has held that **Muniz** established a newly recognized constitutional right that

applies retroactively). Our Supreme Court has not issued such a holding; therefore, Appellant cannot rely on *Muniz* to meet that timeliness exception.[7] Thus, the PCRA court did not err in dismissing Appellant's untimely petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/08/2018

---

[7] Because Appellant cannot rely on *Muniz* for the requested relief, counsel cannot be deemed ineffective for failing to raise an issue based on *Muniz*.

- 9 -