J-S05043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HUNTER GARRISON KALE | : | |
| | : | |
| APPEAL OF: PENNSYLVANIA STATE POLICE | : | No. 1138 MDA 2019 |

Appeal from the Order Entered June 7, 2019
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006782-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HUNTER GARRISON KALE | : | |
| | : | |
| APPEAL OF: PENNSYLVANIA STATE POLICE | : | No. 1148 MDA 2019 |

Appeal from the Order Entered June 7, 2019
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006784-2014

BEFORE: SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED: MAY 13, 2020**

The Pennsylvania State Police ("PSP") appeals from the Order, entered at docket numbers CP-67-CR-0006782-2014 and CP-67-CR-0006784-2014, denying its "Emergency Motion to Intervene and Vacate Order *Nunc Pro Tunc*," following the court's March 26, 2019 Order removing Hunter Garrison Kale

("Kale") from the Pennsylvania Sexual Offender Registry (the "Registry"). We quash the appeal.

Kale was originally sentenced on February 23, 2016, pursuant to a negotiated guilty plea, to serve one-and-a-half to three years in prison for his convictions of two counts of aggravated indecent assault.[1,2] Shortly thereafter, Kale's counsel filed a post-sentence Motion to reconsider and modify his sentence, which the trial court denied.

On July 19, 2017, our Supreme Court issued its Opinion in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), which found the Sex Offender Registration and Notification Act ("SORNA")[3] to be punitive in nature, and held that the retroactive application of SORNA's registration and reporting requirements violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions. **Id.** at 1223.

Following the **Muniz** decision, the Pennsylvania General Assembly enacted Act 10 of 2018, 42 Pa.C.S.A. §§ 9799.51, *et seq.*[4] In an attempt to

_____

[1] **See** 18 Pa.C.S.A. § 3125(a)(7).

[2] Kale committed the offenses between 2003 and 2008.

[3] **See** 42 Pa.C.S.A. §§ 9799.10-9799.41.

[4] Act 10 of 2018, Feb. 21, P.L. 27, No. 10, § 6, imd. effective, was re-enacted at 2018, June 12, P.L. 140, No. 29, §, imd. effective (referred to, collectively, as "Act 10"). Our Supreme Court is currently considering, in its original jurisdiction, whether Act 10 is constitutional, **see Commonwealth v. Lacombe**, 35 MAP 2018 (Pa. 2018). However, given our ultimate disposition

eliminate the punitive effects of SORNA, Act 10 included two separate tracks for registration: Subchapter H, applied to offenses committed after December 20, 2012; and Subchapter I, applied to offenses committed between April 22, 1996, and December 20, 2012. Because SORNA applied to individuals who committed offenses occurring prior to the effective date, lifetime registration was imposed on Kale pursuant to Subchapter I.

Nine months after the enactment of Act 10, on October 18, 2018, Kale filed a Petition for relief under the Post Conviction Relief Act ("PCRA").[5] Kale was appointed counsel, who, after being granted an extension, filed an Amended PCRA Petition and/or a Petition for Writ of *Habeas Corpus* on January 31, 2019. Kale filed a second Amended Petition on March 11, 2019, and a hearing was held on March 26, 2019. At the hearing, the Commonwealth did not oppose relief. The PCRA court granted Kale's Petition and issued an Order removing Kale from the Registry.

On May 22, 2019, PSP filed the instant "Motion to Intervene and Vacate *Nunc Pro Tunc*" from the PCRA court's Order. In the Motion, PSP claimed that it was not served with any of Kale's PCRA Petitions, nor was it served with the PCRA court's March 26, 2019 Order directing Kale's removal from the Registry. Motion to Intervene and Vacate, 5/22/19, at 1-2 (unnumbered). As a result, PSP argued that it was deprived of its due process rights to contest the PCRA

---

in this case, we can adequately address this appeal without the Supreme Court's determination of the underlying constitutionality of Act 10.

[5] **See** 42 Pa.C.S.A. §§ 9541-9546.

court's removal of Kale from the Registry. *Id.* On June 7, 2019, the PCRA court issued an Order denying PSP's Motion. On June 26, 2019, PSP filed separate Notices of Appeal to this Court, specifically appealing from the PCRA court's June 7, 2019 Order denying PSP's Motion to Intervene. PSP filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. On July 24, 2019, this Court, *sua sponte*, consolidated PSP's appeals.

Prior to reaching the merits of any appeal, we must "first ascertain whether [the order appealed from] is properly appealable." ***Commonwealth v. Borrero***, 692 A.2d 158, 159 (Pa. Super. 1997). Since "the question of appealability implicates the jurisdiction of this Court[, the issue] may be raised by [this] Court *sua sponte*." ***Commonwealth v. Baio***, 898 A.2d 1095, 1098 (Pa. Super. 2006). Pennsylvania Rule of Appellate Procedure 903(a) requires that in order to preserve the right to appeal a final order, a notice of appeal must be filed within thirty days after the date of entry of that order. Pa.R.A.P. 903(a). "Time limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace." ***Commonwealth v. Hottinger***, 537 A.2d 1, 3 (Pa. Super. 1987).

Here, though PSP titles its Motion as an "Emergency Motion to Intervene and Vacate *Nunc Pro Tunc*," it is more accurately characterized as a combined motion for reconsideration of the PCRA court's Order and a motion to intervene. PSP's requested relief is for the PCRA court to reconsider and vacate its Order granting relief, so that PSP may intervene and present its

- 4 -

argument that Kale should not be removed from the Registry. ***See*** Motion to Intervene and Vacate, 5/22/19, at 4 (unnumbered) (stating that "PSP therefore respectfully requests that [the PCRA c]ourt allow it to intervene as a party to this proceeding concerning the applicability of [Act 10], Subchapter I, and vacate its Order immediately to allow for further argument and consideration….").

An appeal must be taken from a final order. Pa.R.A.P. 341 (defining what constitutes a final order for purposes of appeal). In order to preserve an appellant's right to appeal a final order, the appellant must file a notice of appeal within thirty days. ***See*** Pa.R.A.P. 903(a). A court may review its final order for up to thirty days, even after an appeal has been filed, if a party files a petition for reconsideration within the thirty day appeal period, and the court files an order "expressly granting" reconsideration within the same time period. Pa.R.A.P. 1701(b)(3).

Here, the final order for purposes of appeal was the PCRA court's March 26, 2019 Order granting Kale relief and, as a result, PSP had thirty days to either appeal or file a request for reconsideration. The Order became final on April 26, 2019, when no appeal was filed and the PCRA court did not expressly grant reconsideration pursuant to Rule 1701. However, following the PCRA court's denial of the Motion, PSP filed its Notices of Appeal only from the June 7, 2019 Order denying its Motion for intervention and reconsideration, and not from the PCRA court's underlying March 26, 2019 Order granting Kale's PCRA Petition. ***See*** Notice of Appeal, 6/26/19, at 2.

Though PSP's Notice of Appeal was filed within 30 days of the PCRA court's denial of its Motion, it is well settled that an appeal from an order denying reconsideration is improper and cannot overcome the timeliness requirements. *See Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000) (stating that "as the comment to [Rule] 1701 explains, although a party may petition the court for reconsideration, the **simultaneous filing of a notice of appeal** is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition.") (quoting *Valley Forge Center Assocs. v. RIB-It, K.P., Inc.*, 693 A.2d 242, 245 (Pa. Super. 1997)) (emphasis added). Here, the record reveals no indication that the PCRA court expressly granted PSP's Motion; rather, it denied the Motion on June 7, 2019. Because PSP did not file a simultaneous notice of appeal from the PCRA court's final Order, PSP did not properly preserve its appellate rights, and its appeal is consequently untimely. As a result, because the PCRA court's Order became final prior to PSP's appeal, we do not have jurisdiction over PSP's appeal.

Even if PSP had filed a timely appeal, we would afford it no relief on the merits. PSP points repeatedly to its right to be heard in this matter based on the General Assembly's grant of standing to the PSP in 42 Pa.C.S.A. § 9799.74. There, the General Assembly granted PSP "standing to appear and contest a filing in a court of this Commonwealth which seeks to challenge in any way the obligation of an individual required to register with the [PSP] under this subchapter." 42 Pa.C.S.A. § 9799.74.

In this case, Kale was determined to no longer be an "individual required to register," as the PCRA court, in agreement with the Commonwealth, determined that Kale was not subject to the registration requirements. PSP's obligations in this case are, and remain, exclusively ministerial in nature, and nothing in the plain reading of the statute indicates that PSP's responsibilities under SORNA expand beyond the mere ministerial.[6] To that end, we conclude PSP's argument that it was denied due process when it was not initially served with notice of the PCRA court's Order to be without merit, as nothing in the statute compels service upon PSP, and PSP possessed no adjudicatory interest in the underlying matter.[7]

_____

[6] We note that the situation at bar is readily distinguishable from **Konyk v. Pennsylvania State Police**, 183 A.3d 981 (Pa. 2018), in which our Supreme Court addressed the unique circumstance where PSP's registration obligations would be considered to be adjudicatory. There, the Supreme Court determined that because the defendant had been convicted in federal court, PSP was "required … to determine the Pennsylvania crime which is similar to his federal offense." **Konyk**, 183 A.3d at 986-87. Here, there is nothing for PSP to interpret, as Kale's convictions were exclusively based on Pennsylvania crimes. We are also guided by the rationale set forth by the Commonwealth Court in **Dougherty v. Pennsylvania State Police**, 138 A.3d 152, 159 (Pa. Cmwlth. 2016), wherein the Commonwealth Court noted that PSP's role in SORNA is ministerial and, in that case, the PSP was not a party to a defendant's duty to register with the PSP pursuant to a plea agreement. Though that case involved the version of SORNA that existed prior to **Muniz**, we find no support for PSP's argument that the standing provision dramatically altered the core nature of PSP's ministerial duties.

[7] Even assuming, *arguendo*, a breakdown in court proceedings had occurred, the proper avenue for PSP to pursue the matter would have been to file an accompanying Notice of Appeal from the PCRA court's March 26, 2019 Order alongside its Motion to Intervene and Vacate the Order. Additionally, we reiterate that when PSP did eventually file its Notice of Appeal, it chose to appeal from the PCRA court's denial of its Motion to Intervene and Vacate.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/13/2020